**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SANDOZ INC.                  )
                                         )
            Plaintiff,          )
                                         )
       v.                    )     Case No. 1:05CV01810
                                         )
MICHAEL O. LEAVITT, Secretary of  )
Health and Human Services, and     )
ANDREW C. VON ESCHENBACH, M.D., )
Acting Commissioner, Food and Drug  )
Administration,                  )
                                         )
         Defendants.        )
                                       )

## <u>DEFENDANTS' ANSWER TO COMPLAINT</u>

Defendants, Michael O. Leavitt, Secretary of Health and Human Services, and Dr.

Andrew C. von Eschenbach,[1] Acting Commissioner of Food and Drugs, United States Food and

Drug Administration ("FDA") (collectively "Defendants"), by and through their undersigned

attorneys, as their answer to Plaintiff's complaint, state as follows:

1. The allegations of paragraph 1 are Plaintiff's summary of its complaint and request for

relief to which no answer is required. To the extent an answer is required, Defendants deny the

allegations of paragraph 1, except to admit only that Plaintiff's complaint seeks declaratory and

injunctive relief.

2. Defendants admit that FDA did not request additional information for Plaintiff's

Omnitrope new drug application ("NDA"), but deny that FDA's professional scientific and

review staff have completed their review of the application. The statements in paragraph 2 that

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Dr. Andrew C. von Eschenbach, in his official capacity of Acting Commissioner of Food and Drugs, United States Food and Drug Administration, is substituted as defendant for former Commissioner Dr. Lester M. Crawford.

Sandoz's Omnitrope NDA is complete and was perfected are legal conclusions to which no answer is required, but to the extent that an answer may be deemed to be required, Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations because the agency has not yet completed its review of the Omnitrope NDA.

　　3.　Defendants deny the allegations of paragraph 3.

　　4.　Defendants admit that there has been no decision approving or denying the application.　The remaining allegations of paragraph 4 are legal conclusions to which no answer is required.　To the extent an answer is required, Defendants are without sufficient knowledge or information to form a belief as to the whether approval of the Omnitrope NDA is the one and only action supported by the Administrative Record, or whether there is a basis in fact or law upon which to deny approval of the NDA, and Defendants deny that the continuation of the review process is in direct contravention of the Federal Food, Drug and Cosmetic Act ("the FD&C Act"), the performance goals that are part of the statutorily-mandated user fee program administered by FDA, or the Administrative Procedure Act.

`　　5.　The allegations of paragraph 5 are legal conclusions to which no answer is required.

　　6.　The allegations of paragraph 6 are legal conclusions to which no answer is required.

　　7.　The allegations of paragraph 7 are legal conclusions to which no answer is required.

　　8.　The allegations of paragraph 8 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations of paragraph 8, except to admit only that "no timetable will be given by or for FDA to act on the Omnitrope NDA."

　　9.　The allegations of paragraph 9 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations of paragraph 9.

10.  The allegations of paragraph 10 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations of paragraph 10.

11.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.  Defendants admit the allegations of paragraph 12.

13.  Defendants deny the allegations of paragraph 13 and aver that as of September 24, 2005, Dr. Andrew C. von Eschenbach is the Acting Commissioner of Food and Drugs, FDA.

14.  Defendants admit the allegations of paragraph 14.

15.  The allegations of paragraph 15 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that the paragraph contains a characterization of the referenced statute, and respectfully refer the Court to the statute for a full and complete statement of its contents.

16.  Defendants admit the allegations of paragraph 16.

17.  The allegations in the first sentence of paragraph 17 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that the first sentence of paragraph 17 contains a characterization of the referenced statute and regulation, and respectfully refer the Court to the statute and regulation for a full and complete statement of their contents.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 17 regarding a "full NDA" or a "stand-alone" NDA, which are not statutorily defined terms.

18.  Defendants admit that the allegations in paragraph 18 contain Plaintiff's characterizations of FDA's implementation of Section 505(b)(2), and respectfully refer the Court

to the documents cited in paragraphs 19 through 23 in support of those allegations for a full and complete statement of the contents of those documents.

19.  Defendants admit that the allegations of paragraph 19 contain Plaintiff's characterization of FDA's Consolidated Petition Response to Pfizer et al., FDA Docket Nos. 2001P-0323/CP1 & CP5, 2002P-0447/CP1, and 2003P-0408/CP1, Oct. 14, 2003 ("FDA's Consolidated Petition Response"), and respectfully refer the Court to the cited document for a full and complete statement of its contents.

20.  Defendants admit that the allegations of paragraph 20 contain Plaintiff's characterization of the content of a Federal Register notice, and respectfully refer the Court to that notice for a full and complete statement of its content.  See 54 Fed. Reg. 28872 (July 10, 1989).

21.  Defendants admit that the allegations of paragraph 21 contain Plaintiff's characterization of the content of a FDA's Consolidated Petition Response, and respectfully refer the Court to that document for a full and complete statement of its content.

22.  Defendants admit that the allegations of paragraph 22 contain Plaintiff's characterization of FDA's Consolidated Petition Response, and respectfully refer the Court to that document for a full and complete statement of its content.

23.  Defendants admit that the allegations of paragraph 23 contain Plaintiff's characterization of FDA's Recombinant Calcitonin Petition Denial, FDA Docket No. 2004P-0015/CP1, Aug. 12, 2005 ("Recombinant Calcitonin Petition Denial"), and respectfully refer the Court to that document for a full and complete statement of its contents.

24.  Defendants admit that the allegations of paragraph 24 contain Plaintiff's

characterizations of FDA's Consolidated Petition Response and Recombinant Calcitonin Petition Denial, and respectfully refer the Court to those documents for full and complete statements of their contents.

25.  Defendants admit the allegations of paragraph 25 contain Plaintiff's characterizations of agency policy as described in FDA's Consolidated Petition Response and Recombinant Calcitonin Petition Denial, and respectfully refer the Court to those documents for full and complete statements of their contents.

26.  The allegations of paragraph 26 are legal conclusions to which no answer is required.

27.  The allegations of paragraph 27 are legal conclusions to which no answer is required.

28.  The allegations of paragraph 28 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that the allegations of paragraph 28 contain a characterization of the referenced statute, and respectfully refer the Court to the statute for a full and complete statement of its contents.

29.  The allegations of paragraph 29 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that the allegations of paragraph 29 contain a characterization of the referenced statute, and respectfully refer the Court to the statute for a full and complete statement of its contents.

30.  The allegations of paragraph 30 are legal conclusions to which no answer is required.

31.  The allegations of paragraph 31 are legal conclusions to which no answer is required.

32.  The allegations of paragraph 32 are legal conclusions to which no answer is required.

33.  Defendants admit that the allegations of paragraph 33 contain Plaintiff's characterization of the Recombinant Calcitonin Petition Denial, and respectfully refer the Court

to that document for a full and complete statement of its contents.

34.  Defendants admit the allegations of paragraph 34.

35.  Defendants admit the allegations of paragraph 35.

36.  Defendants admit the allegations of paragraph 36.

37.  The allegations of paragraph 37 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that the allegations of paragraph 37 contain a characterization of the referenced statute and regulation, and respectfully refer the Court to the statute and regulation for a full and complete statement of their contents.

38.  Defendants admit the allegations of paragraph 38.

39.  Defendants admit that the allegations of paragraph 39 contain Plaintiff's characterization of a House Report, and respectfully refer the Court to that document for a full and complete statement of its contents.

40.  Defendants admit the allegations of paragraph 40.

41.  Defendants admit the allegations of paragraph 41.

42.  Defendants admit that the allegations of paragraph 42 contain Plaintiff's characterization of the referenced statute, and respectfully refer the Court to the statute for a full and complete statement of its contents.

43.  Defendants admit that the allegations of paragraph 43 contain a quote from the referenced statute, and respectfully refer the Court to the statute for a full and complete statement of its contents.

44.  Defendants admit that the allegations of paragraph 44 contain Plaintiff's characterization of the PDUFA reauthorizations and performance goals and procedures, and

6

respectfully refer the Court to those documents for a full and complete statement of their contents.

45. Defendants admit that the allegations of paragraph 45 contain Plaintiff's characterization of the cited document, and respectfully refer the Court to that document for a full and complete statement of its contents.

46. Defendants admit that the allegations of paragraph 46 contain Plaintiff's characterization of, and a quote from, the cited document, and respectfully refer the Court to that document for a full and complete statement of its contents.

47. Defendants admit that the allegations of paragraph 47 contain Plaintiff's characterization of PDUFA, and respectfully refer the Court to that legislation for a full and complete statement of its contents.

48. Defendants admit that the allegations of paragraph 48 regarding "PDUFA's Performance Goals" contain Plaintiff's characterization of those goals, and respectfully direct the Court to that document (available at http://www.fda.gov/cder/pdufa/default.htm) for a full and complete statement of its contents.  The remaining allegations of paragraph 48 are legal conclusions to which no answer is required.

49. The allegations of paragraph 49 are legal conclusions to which no answer is required.

50. Defendants deny the allegations of paragraph 50.

51. Defendants admit the allegations of paragraph 51.

52. The allegations of paragraph 52 are legal conclusions to which no answer is required.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding common usage of the term "biologic drugs," which is not a

statutorily defined term.  Defendants admit that rhGH is regulated under the FD&C Act.

54.  Defendants admit the allegations of paragraph 54.

55.  Defendants admit the allegations of paragraph 55.

56.  Defendants admit the allegations of paragraph 56.

57.  Defendants admit the allegations of paragraph 57 and aver that FDA approved the first Genotropin application more than 10 years ago.

58.  Defendants deny the allegations of paragraph 58 except to admit only that all human growth hormone products approved by FDA have been approved under 505(b) of the Federal Food, Drug, and Cosmetic Act ("the Act").

59.  The allegations of paragraph 59 are legal conclusions to which no answer is required.

60.  The allegations of paragraph 60 are legal conclusions to which no answer is required.

61.  The allegations of paragraph 61 are legal conclusions to which no answer is required.

62.  Defendants deny the allegations of paragraph 62 except to admit only that the quoted language is from The Pink Sheet.

63.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63.

64.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65.  Defendants deny the allegations of paragraph 65.  As of November 2, 2005, USP has made available a somatropin reference standard.

66.  Defendants admit the allegations of paragraph 66.

67.  Defendants cannot admit or deny the allegations of paragraph 67 due to the

confidentiality requirements for NDAs, located in 21 C.F.R. §§ 20.61, 314.430.

68.  Defendants cannot admit or deny the allegations of paragraph 68 due to the confidentiality requirements for NDAs, located in 21 C.F.R. §§ 20.61, 314.430.

69.  Defendants cannot admit or deny the allegations of paragraph 69 due to the confidentiality requirements for NDAs, located in 21 C.F.R. §§ 20.61, 314.430.

70.  Defendants cannot admit or deny the allegations of paragraph 70 due to the confidentiality requirements for NDAs, located in 21 C.F.R. §§ 20.61, 314.430.

71.  Defendants cannot admit or deny the allegations of paragraph 71 due to the confidentiality requirements for NDAs, located in 21 C.F.R. §§ 20.61, 314.430.

72.  Defendants cannot admit or deny the allegations of paragraph 72 due to the confidentiality requirements for NDAs, located in 21 C.F.R. §§ 20.61, 314.430.

73.  Defendants cannot admit or deny the allegations of paragraph 73 due to the confidentiality requirements for NDAs, located in 21 C.F.R. §§ 20.61, 314.430.

74.  Defendants admit the allegations of paragraph 74.

75.  Defendants admit that the allegations of paragraph 75 contain Plaintiff's characterization of, and a quote from, the cited document, and respectfully refer the Court to that document for a full and complete statement of its contents.

76.  Defendants admit that the allegations of paragraph 76 contain Plaintiff's characterization of the document cited in paragraph 75, and respectfully refer the Court to that document for a full and complete statement of its contents.

77.  Defendants admit that the allegations in the first sentence of paragraph 77 contain a quote from the cited document, and respectfully refer the Court to that document for a full and

complete statement of its contents.  Defendants cannot admit or deny the allegations in the remainder of paragraph 77 due to the confidentiality requirements for NDAs, located in 21 C.F.R. §§ 20.61, 314.430.

78.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78.

79.  Defendants admit the allegations of paragraph 79.

80.  The allegations of paragraph 80 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81.  Defendants cannot admit or deny the allegations of paragraph 81 due to the confidentiality requirements for NDAs, located in 21 C.F.R. §§ 20.61, 314.430.

82.  Defendants cannot admit or deny the allegations of paragraph 82 due to the confidentiality requirements for NDAs, located in 21 C.F.R. §§ 20.61, 314.430.

83.  The allegations of paragraph 83 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 because the agency has not yet completed its review of the Omnitrope NDA.

84.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 because the agency has not yet completed its review of the Omnitrope NDA, except that Defendants admit only that USP published a new monograph for somatropin after Sandoz submitted the Omnitrope NDA.

85.  Defendants cannot admit or deny the allegations of paragraph 85 due to the

confidentiality requirements for NDAs, located in 21 C.F.R. §§ 20.61, 314.430.

86.  Defendants cannot admit or deny the allegations of paragraph 86 due to the confidentiality requirements for NDAs, located in 21 C.F.R. §§ 20.61, 314.430.

87.  The allegations of paragraph 87 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 because the agency has not yet completed its review of the Omnitrope NDA.

88.  The allegations of paragraph 88 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny that NDA 21-426 has been fully reviewed, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 88 because the agency has not yet completed its review of the Omnitrope NDA.

89.  The allegations of paragraph 89 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 because the agency has not yet completed its review of the Omnitrope NDA.

90.  The allegations of paragraph 90 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations of paragraph 90.

91.  The allegations of paragraph 91 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations of paragraph 91, except to admit only that the agency has not yet taken final agency action on the Omnitrope NDA.

92.  The allegations of paragraph 92 are legal conclusions to which no answer is required.

To the extent an answer is required, Defendants deny the allegations of paragraph 92.

93.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93.

94.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94.

95.  Defendants deny that FDA completed its review of the Omnitrope NDA in August 2004 or reached any "scientific conclusion," and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 95

96.  Defendants admit the allegations of paragraph 96.

97.  Defendants admit the allegations of paragraph 97.

98.  The allegations of paragraph 98 are legal conclusions to which no answer is required.

99.  Defendants deny the allegations of paragraph 99.

100.  The allegations of paragraph 100 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations of paragraph 100.

101.  Defendants deny the allegations of paragraph 101.

102.  Defendants admit that final agency action was not taken on the Omnitrope NDA prior to the start of Fiscal Year 2006 on October 1, 2005, and that no timetable has been established for completion of the agency's review of the application.

103.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103.

104.  Defendants admit the allegations of paragraph 104.

105.  The allegations of paragraph 105 are legal conclusions to which no answer is

required.  To the extent an answer is required, Defendants admit that the allegations of paragraph 105 contain Plaintiff's characterization of the cited statute and Federal Register notice, and respectfully refer the Court to those documents for a full and complete statement of their contents.

106.  Defendants admit that the allegations of paragraph 106 contain Plaintiff's characterization of the cited document, and respectfully refer the Court to that documents for a full and complete statement of its contents.

107.  The allegations in paragraph 107 regarding statutory requirements are legal conclusions to which no answer is required.  Defendants admit that the agency has not taken final action on the Omnitrope NDA or pointed out deficiencies in the application.

108.  Defendants admit that there has been no substantive correspondence from the agency to Plaintiffs regarding the Omnitrope NDA since the agency's issuance of its August 31, 2004 letter.

109.  Defendants admit the allegations of paragraph 109.

110.  Defendants admit the allegations of paragraph 110.

111.  Defendants deny the allegations of paragraph 111.

112.  Defendants admit that the allegations of paragraph 112 contain Plaintiff's characterization of the cited document, and respectfully refer the Court to that document for a full and complete statement of its content.

113.  The allegations of paragraph 113 regarding statutory requirements are legal conclusions to which no answer is required.  Defendants admit that the allegations of paragraph 113 contain Plaintiff's characterization of the cited document, and respectfully refer the Court to

13

that document for a full and complete statement of its content.

114. Defendants admit that the allegations of paragraph 114 contain Plaintiff's characterization of the cited document, and respectfully refer the Court to that document for a full and complete statement of its content.

115. Defendants admit that the allegations of paragraph 115 contain Plaintiff's characterization of the cited document, and respectfully refer the Court to that document for a full and complete statement of its content.

116. The allegations of paragraph 116 are legal conclusions to which no answer is required.

117. Defendants admit that the allegations of paragraph 117 contain Plaintiff's characterization of the cited document, and respectfully refer the Court to that document for a full and complete statement of its content.

118. Defendants admit that the allegations of paragraph 118 contain Plaintiff's characterization of the cited document, and respectfully refer the Court to that document for a full and complete statement of its content.

119. Defendants admit that the allegations of paragraph 119 contain Plaintiff's characterization of the cited document, and respectfully refer the Court to that document for a full and complete statement of its content.

120. Defendants admit that the allegations of paragraph 120 contain Plaintiff's characterization of the cited document, and respectfully refer the Court to that document for a full and complete statement of its content.

121. Defendants admit that the allegations of paragraph 121 contain Plaintiff's

characterization of the cited document, and respectfully refer the Court to that document for a full and complete statement of its content.

122.  Defendants admit that the allegations of paragraph 122 contain Plaintiff's characterization of the cited document, and respectfully refer the Court to that document for a full and complete statement of its content.

123.  Defendants deny that the issues in the August 31st letter have been "fully and adequately addressed."  Defendants admit that the remaining allegations of paragraph 123 contain Plaintiff's characterization of the cited documents, and respectfully refer the Court to those documents for full and complete statements of their content.

124.  Defendants deny that the petitions cited in the August 31st letter "provide no basis for withholding action on Sandoz' NDA."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 124 concerning "new" issues raised in the petitions and the effect on the Omnitrope NDA because the agency has not yet completed its review of the Omnitrope NDA.

125.  Defendants admit the allegations of paragraph 125, except to deny that "the Public Workshop provides no basis for withholding action on Sandoz' application."  Further, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 that "none of the testimony presented by other parties at the Public Workshop included any new scientific data or related information that raises any new issues with respect to NDA 21-426 that has not already been resolved in Sandoz' application," because the agency has not yet completed its review of the Omnitrope NDA.

126.  Defendants admit the allegations of paragraph 126, except to deny that "this public

docket provides no basis for withholding action on the Omnitrope NDA." Further, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 that "[n]one of the submissions to that public docket made prior to its initial closure on November 12, 2004, or prior to its final closure on March 16, 2005, include any new information that raises any new issue with respect to NDA 21-426 that has not already been resolved in Sandoz' application," because the agency has not yet completed its review of the Omnitrope NDA.

127.  Defendants admit the allegations of paragraph 127 except to deny that "all the scientific and legal considerations alluded to in the August 31st letter have been resolved," and that FDA's February 14 to 16, 2005 public workshop "provides no basis for withholding action on Sandoz' NDA." Further, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 that "none of the testimony presented by third parties at the [February 2005] Public Workshop included any new scientific data or other information that raises any new issues with respect to NDA 21-426 that has not already been resolved in the application," because the agency has not yet completed its review of the Omnitrope NDA, and the allegation that "[t]hose prior biologic drug 505(b)(2) NDA approvals are indistinguishable from NDA 21-426 at issue in this action in terms of the regulatory approval pathway utilized" is a legal conclusion to which no answer is required.

128.  Defendants admit that the allegations of paragraph 128 contain Plaintiff's characterizations of two legal decisions and other cited documents, and respectfully refer the Court to those documents for full and complete statements of their contents.

129.  The allegations of paragraph 129 are legal conclusions to which no answer is

required.  To the extent an answer is required, Defendants deny the allegations of paragraph 129.

130.  The allegations of paragraph 130 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 130 because the agency has not yet completed its review of the Omnitrope NDA.

131.  Defendants admit that during the September 9, 2005, meeting, FDA's Director of the Center for Drug Evaluation and Research ("CDER") confirmed that Plaintiffs provided FDA with all the information that the agency requested to date, and deny that FDA's Director of the CDER told Sandoz "that no further information was required for final action to be taken on the Omnitrope NDA."

132.  Defendants admit that the allegations of paragraph 132 contain quoted language from the cited letter, and respectfully refer the Court to that document for a full and complete statement of its contents.

133.  Defendants deny the allegations of paragraph 133.

134.  Defendants admit the allegations of paragraph 134.

135.  Defendants admit that the allegations of paragraph 135 contain a characterization of Pfizer's 2004 Omnitrope Citizen Petition ("Pfizer's Petition"), and respectfully refer the Court to that document for a full and complete statement of its contents.

136.  The allegations of paragraph 136 contain Plaintiff's characterization of Pfizer's Petition, to which no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 136, because Defendants have not yet completed their review of and response to

17

Pfizer's Petition.

137.  The allegations of paragraph 137 contain Plaintiff's characterization of Pfizer's Petition, to which no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 137, because Defendants have not yet completed their review of and response to Pfizer's Petition.

138.  The allegations of paragraph 138 contain Plaintiff's characterization of Pfizer's Petition, to which no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 138, because Defendants have not yet completed their review of and response to Pfizer's Petition.

139.  The allegations of paragraph 139 contain Plaintiff's characterization of Pfizer's Petition, to which no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 139, because Defendants have not yet completed their review of and response to Pfizer's Petition.

140.  The allegations of paragraph 140 contain Plaintiff's characterization of Pfizer's Petition, to which no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 140, because Defendants have not yet completed their review of and response to Pfizer's Petition.

141.  The allegations of paragraph 141 contain Plaintiff's characterization of Pfizer's

Petition, to which no answer is required.  To the extent an answer is required, Defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 141, because Defendants have not yet completed their review of and response to

Pfizer's Petition, except that Defendants admit that FDA scientists and reviewers "have complete

access to all of Sandoz' data" that was submitted in the Omnitrope NDA.

142.  Defendants deny the allegations of paragraph 142.

143.  Defendants admit the allegations of paragraph 143.

144.  The allegations of paragraph 144 are legal conclusions to which no answer is

required.  To the extent an answer is required, Defendants deny the allegations of paragraph 144.

145.  Defendants admit the allegations of paragraph 145.

146.  Defendants admit the allegations of paragraph 146.

147.  Defendants admit the allegations of paragraph 147, except to deny that Vitrase was

approved on May 6, 2004.  Vitrase was approved on May 5, 2004.

148.  Defendants deny the allegations of paragraph 148, except to admit only that FDA

approved a second hyaluronidase product under 505(b)(2) on October 26, 2004.

149.  Defendants admit the allegations of paragraph 149.

150.  Defendants admit that in addition to the two hyaluronidase products, FDA approved

Novo Nordisk's GlucoGen under Section 505(b)(2), which approval was dated June 22, 1998.

151.  Defendants admit the allegations of paragraph 151.

152.  Defendants admit that in August 2005, Defendants approved a 505(b)(2) NDA for a

32 amino acid recombinant calcitonin product marketed under the trade name Fortical, and that

the allegations of paragraph 152 contain a quote from the Recombinant Calcitonin Petition

Denial, and respectfully refer the Court to that document for a full and complete statement of its contents.

153. The allegations of paragraph 153 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 153, because the agency has not yet completed its review of the Omnitrope NDA.

154. The allegations of paragraph 154 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 154, because Defendants have not yet completed their review of and response to Pfizer's Petition.

155. The allegations of paragraph 155 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 155, because Defendants have not yet completed their review of and response to Pfizer's Petition.

156. Defendants deny the allegations of paragraph 156.

157. Defendants deny the allegations of paragraph 157, except that Defendants admit that the lack of an approval denies Sandoz of the opportunity to market Omnitrope, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's monetary investments in research and development.

158. The allegations of paragraph 158 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations of paragraph 158.

159. Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 159, except to deny that Defendants have failed to render a "statutorily-mandated decision on Omnitrope," and that such "failure" causes Plaintiff competitive injury.

160.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 160.

161.  Defendants deny the allegations of paragraph 161, except that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's "ongoing substantial investments" in connection with "other Section 505 biologic drugs."

162.  Defendants deny the allegations of paragraph 162, except that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's standing, reputation, and goodwill.

163.  Defendants deny the allegations of paragraph 163.

164.  The allegations of paragraph 164 are Plaintiff's summary of its complaint and request for relief to which no answer is required.  To the extent an answer is required, Defendants deny the allegations of paragraph 164, except to admit only that Plaintiff is seeking declaratory and permanent injunctive relief against Defendants.

165.  In response to the allegations of paragraph 165, Defendants repeat and incorporate their responses to the allegations contained in all prior paragraphs of Plaintiff's complaint as if set forth in this paragraph.

166.  Defendants admit that the allegations of paragraph 166 contain quoted language from the cited statute, and respectfully refer the Court to that statute for a full and complete

21

statement of its contents.

167.  The allegations of paragraph 167 are legal conclusions to which no answer is required.

168.  The allegations of paragraph 168 are legal conclusions to which no answer is required.

169.  The allegations of paragraph 169 are legal conclusions to which no answer is required.

170.  The allegations of paragraph 170 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170, because the agency has not yet completed its review of the Omnitrope NDA.

171.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 171, because the agency has not yet completed its review of the Omnitrope NDA.

172.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 172, because the agency has not yet completed its review of the Omnitrope NDA.

173.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 173, because the agency has not yet completed its review of the Omnitrope NDA.

174.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 174, because the agency has not yet completed its

review of the Omnitrope NDA.

175.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 175, because the agency has not yet completed its review of the Omnitrope NDA.

176.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 176, because the agency has not yet completed its review of the Omnitrope NDA.

177.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 177, because the agency has not yet completed its review of the Omnitrope NDA.

178.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 178, because the agency has not yet completed its review of the Omnitrope NDA.

179.  Defendants deny the allegations of paragraph 179, except to admit only that there have been no written communications to Plaintiffs regarding the Omnitrope NDA following the August 31, 2004 letter from FDA.

180.  Defendants deny the allegations of paragraph 180, except to admit only that the August 31, 2004 letter from FDA to Plaintiff contained the quoted language.

181.  The allegations of paragraph 181 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations of paragraph 181.

182.  The allegations of paragraph 182 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations of paragraph 182.

183.  The allegations of paragraph 183 are Plaintiff's summary of its request for relief to which no answer is required.  To the extent an answer is required, Defendants deny the allegations of paragraph 183.

184.  In response to the allegations of paragraph 184, Defendants repeat and incorporate their responses to the allegations contained in all prior paragraphs of Plaintiff's complaint as if set forth in this paragraph.

185.  Defendants admit that the allegations of paragraph 185 contain quoted language from the cited statute, and respectfully refer the Court to that statute for a full and complete statement of its contents.

186.  Defendants admit that the allegations of paragraph 186 contain quoted language from the cited statute, and respectfully refer the Court to that statute for a full and complete statement of its contents.

187.  The allegations of paragraph 187 are legal conclusions to which no answer is required.

188.  The allegations of paragraph 188 are legal conclusions to which no answer is required.

189.  The allegations of paragraph 189 are Plaintiff's summary of its request for relief to which no answer is required.  To the extent an answer is required, Defendants deny the allegations of paragraph 189.

190.  In response to the allegations of paragraph 190, Defendants repeat and incorporate their responses to the allegations contained in all prior paragraphs of Plaintiff's complaint as if set forth in this paragraph.

191.  Defendants admit that the allegations of paragraph 191 contain Plaintiff's characterization of, and quoted language from, the cited statute, and respectfully refer the Court to that statute for a full and complete statement of its contents.

192.  Defendants admit that the allegations of paragraph 192 contain Plaintiff's characterization of, and quoted language from, the cited statute, and respectfully refer the Court to that statute for a full and complete statement of its contents.

193.  Defendants deny the allegations of paragraph 193, except to admit that, to date, no final agency action has been taken on the Omnitrope NDA.

194.  Defendants deny the allegations of paragraph 194, except to admit that, to date, no final agency action has been taken on the Omnitrope NDA.

195.  Defendants deny the allegations of paragraph 195, except to admit that Plaintiff submitted what it characterizes as a Resubmission letter to FDA dated December 1, 2004.

196.  Defendants deny the allegations of paragraph 196, except to admit that Plaintiff submitted what it characterizes as a second Resubmission letter to FDA dated March 22, 2005.

197.  Defendants deny the allegations of paragraph 197, except to admit only that Defendants have provided Plaintiffs with no written communications since the August 31, 2004 letter.

198.  Defendants deny the allegations of paragraph 198.

199.  In response to the allegations of paragraph 199, Defendants repeat and incorporate their responses to the allegations contained in all prior paragraphs of Plaintiff's complaint as if set forth in this paragraph.

200.  Defendants deny the allegations of paragraph 200.

25

201.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 201, because the agency has not yet completed its review of the Omnitrope NDA.

202.  Defendants deny the allegations of paragraph 202, except to admit only that hyaluronidase was approved under Section 505(b)(2) of the Act.

203.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 203, because the agency has not yet completed its review of the Omnitrope NDA.

204.  The allegations of paragraph 204 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 204, because the agency has not yet completed its review of the Omnitrope NDA.

205.  The allegations of paragraph 205 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 205, because the agency has not yet completed its review of the Omnitrope NDA.

206.  The allegations of paragraph 206 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants deny the allegations of paragraph 206.

207.  In response to the allegations of paragraph 207, Defendants repeat and incorporate their responses to the allegations contained in all prior paragraphs of Plaintiff's complaint as if set forth in this paragraph.

208.  Defendants believe that Plaintiffs intended to refer to 21 C.F.R. § 10.30(e)(2) in the

allegations of paragraph 208, in which instance, Defendants respectfully refer the Court to that regulation for a full and complete statement of its content.

209.  Defendants deny the allegations of paragraph 209, except to admit only that FDA issued a letter on November 10, 2004, regarding Pfizer's Petition.

210.  Defendants admit the allegations of paragraph 210.

211.  The allegations of paragraph 211 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 211, because Defendants have not yet completed their review of and response to Pfizer's Petition.

212.  The allegations of paragraph 212 are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 212, because Defendants have not yet completed their review of and response to Pfizer's Petition.

213.  Defendants deny the allegations of paragraph 213.

214.  Defendants deny the allegations of paragraph 214.

215.  The allegations of paragraph 215 comprise one of Plaintiff's requests for relief, to which no answer is required.  To the extent that an answer is required, Defendants deny that Plaintiff is entitled to the relief requested in paragraph 215.

216.  The allegations of paragraph 216 comprise one of Plaintiff's requests for relief and an alternative request for relief, to which no answer is required.  To the extent that an answer is required, Defendants deny that Plaintiff is entitled to the relief requested in paragraph 216.

217.  The allegations of paragraph 217 comprise one of Plaintiff's requests for relief and

an alternative request for relief, to which no answer is required. To the extent that an answer is required, Defendants deny that Plaintiff is entitled to the relief requested in paragraph 217.

218. The allegations of paragraph 218 comprise one of Plaintiff's requests for relief, to which no answer is required. To the extent that an answer is required, Defendants deny that Plaintiff is entitled to the relief requested in paragraph 218.

219. The allegations of paragraph 219 comprise one of Plaintiff's requests for relief, to which no answer is required. To the extent that an answer is required, Defendants deny that Plaintiff is entitled to the relief requested in paragraph 219.

220. The allegations of paragraph 220 comprise one of Plaintiff's requests for relief, to which no answer is required. To the extent that an answer is required, Defendants deny that Plaintiff is entitled to the relief requested in paragraph 220.

221. The allegations of paragraph 221 comprise one of Plaintiff's requests for relief, to which no answer is required. To the extent that an answer is required, Defendants deny that Plaintiff is entitled to the relief requested in paragraph 221.

222. The allegations of paragraph 222 comprise one of Plaintiff's requests for relief, to which no answer is required. To the extent that an answer is required, Defendants deny that Plaintiff is entitled to the relief requested in paragraph 222.

223. The allegations of paragraph 223 comprise one of Plaintiff's requests for relief, to which no answer is required. To the extent that an answer is required, Defendants deny that Plaintiff is entitled to the relief requested in paragraph 223.

224. The allegations of paragraph 224 comprise one of Plaintiff's requests for relief, to which no answer is required.

225.  The allegations of paragraph 225 comprise one of Plaintiff's requests for relief, to which no answer is required.  To the extent that an answer is required, Defendants deny that Plaintiff is entitled to the relief requested in paragraph 225.

226.  The allegations of paragraph 226 comprise one of Plaintiff's requests for relief, to which no answer is required.  To the extent that an answer is required, Defendants deny that Plaintiff is entitled to the relief requested in paragraph 226.

227.  The allegations of paragraph 227 comprise one of Plaintiff's requests for relief, to which no answer is required.  To the extent that an answer is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

Defendants deny each and every allegation in the complaint that has not heretofore been specifically answered or otherwise responded to.

<u>FIRST AFFIRMATIVE DEFENSE</u>

The complaint fails to state a claim upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The complaint must be dismissed for Plaintiff's failure to exhaust its administrative remedies, as required by law.

WHEREFORE, having fully answered, Defendants respectfully request that the Court enter judgment in Defendants' favor, dismiss Plaintiff's complaint with prejudice,

and award Defendants their costs, expenses, attorneys' fees, and such additional relief as the

Court may deem appropriate.

Of Counsel:                                    Respectfully submitted,

PAULA M. STANNARD                              PETER D. KEISLER
Acting General Counsel                         Assistant Attorney General

SHELDON T. BRADSHAW                            EUGENE M. THIROLF
Associate General Counsel                      Director
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation              _____/s/_____
                                               DOUGLAS W. STEARN (DCBN 440735)
SHOSHANA HUTCHINSON                            Trial Attorney
Assistant Chief Counsel                        Office of Consumer Litigation
U.S. Dept. of Health & Human Services          U.S. Department of Justice
Office of the General Counsel                  P.O. Box 386
5600 Fishers Lane                              Washington, D.C. 20044
Rockville, MD  20857                           Telephone: (202) 307-0061
(301) 827-8579                                 Facsimile:  (202) 514-8742
                                               E-mail: douglas.stearn@usdoj.gov
November 14, 2005

30

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing Defendants' Answer to Complaint to be served by electronic mail and via the District Court's Electronic Filing System (ECF) upon:

John M. Engel
Engell & Novitt, LLP
Market Square
Suite 620
801 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 207-3303 (telephone)
(202) 207-3318 (facsimile)
E-mail: jengel@engelnovitt.com
*Counsel for Sandoz, Inc.*

this 14th day of November, 2005.

_____/s/_____
Douglas W. Stearn