**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SANDOZ INC. )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, Secretary of )<br>Health and Human Services, and )<br>ANDREW C. VON ESCHENBACH, M.D., )<br>Acting Commissioner, Food and Drug )<br>Administration, )<br>)<br>      Defendants. )<br>_____) | Case No. 1:05CV01810 (CKK) |

**MEET AND CONFER AGREEMENT (JOINT RULE 16.3(d) REPORT)**

The parties in the case of <u>Sandoz Inc. v Michael O. Leavitt and Andrew C. von Eschenbach, M.D.</u> (Civ. Act. No. 05-CV-1810 (CKK)) have jointly met and conferred and submit this joint report.  The parties disagree as to their obligation pursuant to Local Civil Rule 16.3, due to a disagreement over whether or not the case fits the exceptions under this rule.  Acknowledging that disagreement, the parties nonetheless have agreed to a timely submission of the materials required by this Rule.  The meeting of the parties having been finally concluded on December 6, 2005, the parties hereby submit (A) their Joint Statement Of All Agreement Reached On Rule 16.3(c) Matters and (B) their Joint Description Of Party Positions On Matters Of Disagreement.  The parties' joint proposed Scheduling Order and joint proposed Protective Order are attached (Exhibit 1 and Exhibit 2, respectively).

**A. STATEMENT OF ALL AGREEMENTS REACHED ON RULE 16.3(c) MATTERS**

    a.    The parties agree as to (a) the type of dispositive motion that is likely to resolve this case and (b) the scope of any discovery currently anticipated to be required by the present parties to present such dispositive motions based upon the allegations in the current Complaint.

    i.    As to dispositive motions, the parties specifically agree that this case is most likely to be resolved on cross-motions for summary judgment. As set forth in the attached proposed Scheduling Order, the parties presently agree on the following briefing schedule for their respective cross-motions for summary judgment, or, in the case of the Federal Defendants, for judgment on the pleadings, which will proceed as set forth therein:

        1.    Plaintiff's Motion for Summary Judgment to be filed January 16, 2006;

        2.    Defendants' Cross-Motion For Summary Judgment and Opposition to be filed February 13, 2006;

        3.    Plaintiff's Opposition and Reply to be filed February 20, 2006;

        4.    Defendants' Reply to be filed February 27, 2006; and

        5.    Oral Argument to be scheduled at the Court's convenience.

Plaintiff's counsel requests a date at the Court's earliest convenience, preferably in late-March 2006. Defendant's counsel has been assigned to be counsel for the government in a criminal trial involving eight defendants beginning on March 6, 2005. *United States v. MacArthur, et al.*, No. 05-060203-CR (S.D. Fla.). Because the trial could take up to three weeks, defendant's counsel requests a date during the last week of March or the first week of April. Defendant's counsel will provide notification to the docket clerk and opposing counsel if the estimated trial time changes.

    ii.    As to discovery, the parties agree that, generally, an APA case is to be decided on the basis of the Administrative Record, which Plaintiff believes must always consist of the APA-mandated "whole record" produced in unredacted form. However, Plaintiff notes that, in an APA case such as this one in which an Agency is sued for failure to act in violation of its statutory obligations or for unreasonable delay, review is not limited to the record as it existed at any single point in time, because, when a court is asked to review agency inaction before the agency has made a final decision, there is not a final agency regulatory action to demarcate the limits of the record and no date certain by which to define the Administrative Record, and that discovery can be appropriate in such a case. Nonetheless, at this time, in order to facilitate an expeditious resolution of

Plaintiff's claims, the parties presently agree that, as between the present Plaintiff and Defendants who currently are the only parties to this proceeding, the foregoing cross-motions for summary judgment, to the extent briefed based upon the current Complaint, are anticipated to be able to be decided without additional discovery presently anticipated beyond production of the Administrative Record (about which the parties have a disagreement) of the Agency decisions that FDA is alleged to have unreasonably delayed, failed to have made, made, and/or constructively made, as pled in Plaintiff's Complaint. Accordingly, the parties presently agree that no further discovery currently is anticipated to be necessary as between the present parties, and agree that if a party believes that any such need arises, the requesting party shall promptly bring the matter to the attention of the Court. In the interim, the present parties agree that the Defendants shall produce what the Defendants consider the existing Administrative Record pursuant to the proposed Protective Order on or before December 19, 2005. Given the parties' disagreement over the record, Plaintiff anticipates the need to file a Motion to Compel to seek to require the Defendants to produce the remainder of the whole record in this case, which Plaintiff believes at a minimum must contain, *inter alia*, complete unredacted copies of all records in any electronic or documentary form, which are in the possession, custody, or control of FDA (including without limitation CDER, CDER Reviewing Divisions and Offices, and the Office of the Commissioner), that were considered in connection with, that potentially influenced FDA inaction or action, or that relate or refer in any way to:

1. Sandoz' NDA 21-426 for Omnitrope;
2. the Citizen Petition filed on May 14, 2004, by Morgan, Lewis & Bockius on behalf of Pfizer, Inc., FDA Docket No. 2004P-0231/CP1; and/or
3. the review and approval of the biologic drugs alleged in the Complaint to be similarly-situated to Omnitrope, which previously have been approved under Section 505(b)(2) of the FD&C Act.

b.  The parties currently do not anticipate the need to join other parties (and agree that no third parties are required to resolve Plaintiff's claims) or to amend the pleadings. If any such need arises, the requesting party will seek appropriate leave of the Court. To the extent a third-party seeks and receives leave to intervene in these proceedings, Plaintiff anticipates that it may seek to amend its Complaint and Plaintiff anticipates that discovery from all parties potentially could be warranted depending upon the party(s) seeking to intervene and the nature of the new and/or amended claims that Plaintiff may seek leave to pursue following any such intervention. Although the parties agree on certain facts and legal conclusions to the extent admitted in the Defendants' Answer, the parties agree that, in the absence of some administrative action(s), they do not anticipate reaching an agreement concerning additional factual and legal issues that will substantially narrow the disagreements of the parties set forth in the present pleadings.

c.  The Plaintiff believes that this case should not be assigned to a magistrate judge for all purposes, and believes that any such assignment can only serve to delay expeditious resolution of Plaintiff's claims. The Defendants believe assignment to a magistrate judge would be appropriate to resolve disagreements concerning the nature of the administrative record or the availability of discovery.

d.  The parties agree that, in the absence of some administrative action(s), there is no realistic possibility of settling this case.

e.  Having assessed, *inter alia*, the considerations set forth in Local Rule 16.3(c), the parties agree that the case would not benefit from the Court's alternative dispute resolution procedures.

f.  As set forth in A(a) above, the parties agree that this case is likely to be resolved by dispositive motion.

g.  The parties agree that this case is exempted from both initial disclosures under Fed. R. Civ. P. 26(a)(1)(E), and the Rule 26(f) conference under Fed. R. Civ. P. 26(f).

h.  Local Civil Rule 16.39(c)(9) (addressing the exchange of expert witness reports) is not applicable in this case.

i.  Local Civil Rule 16.39(c)(10) (addressing class actions) is not applicable to this case.

j.  Local Civil Rule 16.39(c)(11) (addressing bifurcation) is not applicable to this case.

    k.    Local Civil Rule 16.39(c)(12) (addressing the pretrial conference) is not applicable to this case.

    l.    Local Civil Rule 16.39(c)(13) (addressing trial date) is not applicable to this case.

**B. DESCRIPTIONS OF PARTY POSITIONS ON MATTERS OF DISAGREEMENT**

    a.    The parties presently disagree regarding the records that form the Administrative Record in this case. Plaintiff reserves the right to seek to compel production by motion of what the Plaintiff believes the whole record must minimally contain. Defendant reserves the right to contest such a motion.

    b.    As set forth in A(a)(ii) above, the parties agree that this case can be decided by dispositive motions. The parties disagree on the Administrative Record that should be the basis for resolution of those dispositive motions. The plaintiff believes those motions can only be resolved based upon, at a minimum, the whole record, while the Defendants believe they can be resolved on the basis of what the Defendants' believe is the existing Administrative Record. The parties disagree regarding the availability of discovery. The Plaintiff believes that discovery is available beyond the APA-mandated whole Administrative Record, but presently has deferred such discovery pending production of the whole record. The Defendants believe this case is limited to the existing administrative record, and no further discovery is available to either party. To the extent a third party seeks and receives leave to intervene in these proceedings, Plaintiff anticipates that it may seek to amend its Complaint, and Plaintiff believes that discovery from all parties would be available and potentially warranted depending upon the party(s) granted leave to intervene and the nature of the new and/or amended claims that Plaintiff may seek leave to pursue following any such intervention.

Date:   December 6, 2005                              Respectfully submitted,


                                                                    _____/s/_____
                                                                    JOHN M. ENGEL (DCBN 443628)
                                                                    Engel & Novitt, LLP
                                                                    Market Square
                                                                    Suite 620
                                                                    801 Pennsylvania Avenue, N.W.
                                                                    Washington, DC  20004
                                                                    Telephone: (202) 207-3303
                                                                    Fax: (202) 207-3318
                                                                    E-Mail: jengel@engelnovitt.com
                                                                    Attorneys for Plaintiff Sandoz Inc.



                                                                    _____/s/_____
                                                                    DOUGLAS W. STEARN (DCBN 440735)
                                                                    Trial Attorney
                                                                    Office of Consumer Litigation
                                                                    U.S. Department of Justice
                                                                    P.O. Box 386
                                                                    Washington, D.C. 20044
                                                                    Telephone: (202) 307-0061
                                                                    Fax: (202) 514-8742
                                                                    E-Mail: douglas.stearn@usdoj.gov
                                                                    Attorneys for the Federal Defendants