LEXSEE 2000 U.S. DIST. LEXIS 6152

**NOVARTIS PHARMACEUTICALS CORPORATION, Plaintiff, v. DONNA E. SHALALA, et al., Defendants.**

Civ. No. 99-323 (TFH)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

*2000 U.S. Dist. LEXIS 6152*

**April 28, 2000, Decided**

**DISPOSITION:** [*1] Novartis Pharmaceutical Corporation's motion for reconsideration of Magistrate Judge Kay's January 18, 2000 Memorandum Order DENIED.

**COUNSEL:** For Plaintiff: John Michael Engel, III, Esq., Fox, Bennett & Turner, Washington, D.C.

For Defendant(s): Drake S. Cutini, Esq., U.S. Department of Justice, Office of Consumer Litigation, Washington, D.C.

**JUDGES:** Thomas F. Hogan, United States District Judge.

**OPINIONBY:** Thomas F. Hogan

**OPINION:**

### MEMORANDUM OPINION

Pending before the Court is Novartis Pharmaceuticals Corporation's ("Novartis") motion for reconsideration of Magistrate Judge Kay's January 18, 2000 Memorandum Order determining the scope of the administrative record. After carefully considering Novartis' motion, the federal defendants' and SangStat Medical Corporation's ("SangStat") responses, Novartis' reply, and the entire record herein, the Court will deny Novartis' motion. However, the Court will require the federal defendants to submit to Magistrate Judge Kay for his consideration the 32-page document which the federal defendants admit was inadvertently left out of the original record given to the Magistrate Judge.

### I. BACKGROUND

Novartis instituted this civil action under the [*2] Administrative Procedure Act ("APA") to challenge the Food and Drug Administration's ("FDA") approval of SangCya, a drug manufactured by SangStat, as a drug pharmaceutically equivalent to Neoral, a drug manufactured by Novartis, and the FDA's determination that Novartis should modify Neoral's label.

By Order dated May 3, 1999, this Court granted Novartis' Motion for Protective Order and ordered the parties to attempt to agree on the appropriate language for the protective order by May 14, 1999. The parties were unable to agree on aspects of that order. One point of disagreement was the proper scope of the administrative record. Accordingly, the Court referred this case to Magistrate Judge Kay on June 3, 1999 for the purpose of determining the scope of the administrative record and deciding which of the trade secrets contained in that record are relevant and which have no bearing on this case. See June 3, 1999 Memorandum Opinion ("Memorandum Opinion").

On January 18, 2000, Magistrate Judge Kay issued a Memorandum Order ("Memorandum Order") resolving these issues. On February 28, 2000, Novartis filed the instant Motion for Reconsideration.

### II. APPLICABLE STANDARD

On review [*3] by this court, a United States Magistrate Judge's decision is entitled to "great deference, particularly on discovery issues." *Evans, et al. v. Atwood, et al., 1999 U.S. Dist. LEXIS 17545, 1999 WL 1032811* at *1 (D.D.C. 1999). "That deference is especially appropriate where, as here, the magistrate judge has managed the discovery component of the case from the outset and has developed a thorough knowledge of the facts, law and procedural history of the case." Id.

This standard of review requires this court to affirm the Magistrate Judge's determination on a nondispositive issue "unless on the entire evidence the district court is left with the definite and firm conviction that a mistake has been committed." Id.; see also *United States v. US Gypsum Co., 333 U.S. 364, 395, 92 L. Ed. 746, 68 S. Ct. 525 (1948); Arakelian v. National Western Life Ins. Co., 126 F.R.D. 1, 2 (D.D.C. 1989).* This standard has been equated with an abuse of discretion standard. *Evans, 1999 WL 1032811* at *1.

### III. DISCUSSION

GOVERNMENT EXHIBIT 2

Novartis contends: (1) that Magistrate Judge Kay erroneously permitted the government to withhold parts of the SangCya ANDA portion of the [*4] record which the defendants argued were trade secrets of SangStat irrelevant to Novartis' claims but which Novartis contends were relied upon by the FDA in rendering the challenged Agency decision; (2) that Magistrate Judge Kay excluded from the record material relating to prior decisions taken by the FDA, which Novartis claims were reversed by the Agency action challenged here and which Novartis believes are relevant to its claims; and (3) that the Magistrate Judge made three procedural errors.

A. The Decision to Withhold Parts of the SangCya ANDA Portions of the Record

First, Novartis argues that Magistrate Judge Kay "misconstrued the purpose of the Rule 503 referral." Novartis Mem. at 7. Specifically, Novartis contends that this Court directed Magistrate Judge Kay to determine whether the administrative record was complete but that it did not order the Magistrate Judge to evaluate which of SangStat's trade secrets and confidential commercial information reflected in that record are relevant and discoverable. Id. at 7-8. Novartis claims that Magistrate Judge Kay improperly considered the second issue, thereby putting the burden on Novartis to prove relevance; instead, [*5] Novartis claims, the burden should have been on the government to demonstrate in a "detailed log" why portions of the record should be withheld. Id. This claim is without merit. Magistrate Judge Kay was instructed by this Court to determine the "appropriate scope of the administrative record" by deciding which of the "trade secrets contained in the administrative record have no bearing on this case and therefore should not be included in the administrative record provided to Novartis." Memorandum Opinion at 4-5. In carrying out this mandate, the Magistrate Judge considered whether "SangStat's interest in protecting [its] trade secrets outweighs the need for the materials to ensure thorough review of the agency action or Novartis' need for the information in order to substantiate its claims." Memorandum Order at 2. Therefore, it is clear that Magistrate Judge Kay understood both his directive and the appropriate burdens of proof.

Second, Novartis claims that SangStat should be forced to reveal their entire ANDA in this case because they previously revealed an unredacted copy of their entire ANDA in an unrelated patent litigation currently pending in the District of Delaware. [*6] Novartis Mem. at 10-11; see also Novartis Corporation v. SangStat Medical Corporation, C.A. No. 99-065 (D.Del.) (JJF). Novartis argues that SangStat's production of its ANDA to Novartis' outside counsel in the Delaware case renders all trade secret disputes in this case moot. Novartis Mem. at 10. However, the Court finds that the ANDA was released in the patent case because it was relevant to that litigation; but that fact alone does not establish its relevance to this case. The issue of relevance is entirely different in a patent suit, where the matters to be litigated can include the composition of the product, the product's specifications, how the product is used by patients, and the performance of testing that is pertinent to the patent's claims, elements and limitations. The fact that the unredacted ANDA was released in an unrelated case in another jurisdiction does not necessarily mean that it should be released in its entirety in this case.

Third, Novartis argues that the record that FDA submitted to the Magistrate Judge was incomplete. Novartis claims that three of the five volumes of the ANDA were missing and that there is no information on the active ingredient/drug [*7] substance in SangCya, which "goes to pharmaceutical equivalence issues addressed in Counts VIII and IX" of the complaint. Novartis Mem. at 12-13. The federal defendants respond that those documents were contained in the record submitted to the Magistrate Judge and that it informed Novartis of this fact both in a February 25 letter from Anne Miller to John Engel in response to an earlier letter written by Novartis' counsel John Engel and in a March 10 letter from Miller to Engel responding to a February 25 letter by Engel. See FDA attachments A and B. After reviewing the record in this case; the Court finds that of the alleged 21 omissions from the record, 14 refer to materials that were in fact submitted to the Magistrate Judge, two refer to the complete ANDA of another manufacturer Sicor which is not a party to this case and is not included in the SangCya ANDA, another refers to materials submitted to the FDA prior to submission of the ANDA and is not part of the ANDA, still another refers to an amendment that does not exist, and two more refer to submissions to the FDA's Center for Devices which are not part of the SangCya ANDA. That leaves only one significant omission. The [*8] FDA claims that this 32-page document was inadvertently left out of the record submitted to the Magistrate Judge but that it pertained to a document that is similar to one that Magistrate Judge Kay ordered withheld. Fed. Def. Response at 6-7. However, the Court finds that this document ought to be considered by Magistrate Judge Kay so that he can determine whether or not it should be withheld. n1

---

n1 The federal defendants do not believe that any of the SangCya ANDA is relevant to Novartis' complaint; however, since this was not the final determination of Magistrate Judge Kay, this omitted document should be referred to him for his consideration.

Case 1:05-cv-01810-RMU    Document 14-3    Filed 12/29/2005    Page 3 of 4

Page 3
2000 U.S. Dist. LEXIS 6152, *

Fourth, Novartis argues that there is no information in the ANDA record to show that the active ingredient (cyclosporine) in SangCya is the same as the active ingredient in Neoral. Novartis Mem. at 12-13, 38. However, the FDA claims that SangCya meets the USP standard for cyclosporine, which means that the active ingredient is cyclosporine. n2 This material was in [*9] the record that was given to Magistrate Judge Kay and there is nothing in Novartis' Motion that causes this Court to believe that a mistake has been committed. Therefore, the Court will affirm the Magistrate's ruling on this issue.

---

n2 The FDA's decision that the active ingredient in SangCya is cyclosporine is memorialized in the approved labeling for Sangstat.

---

Finally, Novartis alleges that it was improper for the Magistrate Judge to refuse to require disclosure of documents possessed by the federal defendants that had been designated attorney-client material. Novartis Mem. at 21-22. This material was properly considered and ruled upon by the Magistrate Judge and there are no facts presented in Novartis' motion which lead this Court to believe that Magistrate Judge Kay abused his discretion.

In summary, the Court finds no abuse of discretion in the Magistrate Judge's rulings on the SangCya ANDA; therefore, Novartis' motion to reconsider these rulings is denied.

**B. The Decision to Exclude "Historical [*10] Portions of the Record"**

Novartis argues that the administrative record in this case is "incomplete." Novartis Mem. at 23. Essentially, Novartis seeks to have the federal defendants produce administrative records of other FDA decisions, not the FDA decisions at issue in this case. The Court finds that the Magistrate Judge correctly rejected this argument:

> The Court has reviewed the June 25, 1999, administrative record in camera and is satisfied that the administrative record contains the materials that FDA considered. The administrative record reflects the reasoning behind the FDA's decision to alter its past determinations and should enable the trial court to determine whether the agency acted in accordance with the APA.

Memorandum Order at 8.

An agency's designation of the record is entitled to a strong presumption of regularity. *San Luis Obispo Mothers for Peace v. NRC*, 243 U.S. App. D.C. 68, 751 F.2d 1287, 1329 (D.C. Cir. 1984), decision aff'd on reh'g en banc, 789 F.2d 26 (D.C. Cir. 1986); see also *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 81 L. Ed. 2d 694, 104 S. Ct. 2778 (1984). In compiling [*11] the administrative record, the agency should not include materials that were not considered by agency decisionmakers. *Ammex, Inc. v. U.S.*, 62 F. Supp. 2d 1148, 1156 (Ct. Int'l Trade 1999). Courts must limit their consideration to the administrative record assembled by the agency "except where the court cannot undertake a meaningful review of the agency's action based on the administrative record alone." *Somerset Pharm., Inc. v. Shalala*, 973 F. Supp. 443, 445 (D. Del. 1997) (citing *Camp v. Pitts*, 411 U.S. 138, 142, 36 L. Ed. 2d 106, 93 S. Ct. 1241 (1973): "The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.").

The Magistrate Judge has ruled that the existing record is sufficient for judicial review and that "Novartis has failed to make the requisite clear and substantial showing that the record filed on June 25, 1999, is incomplete." Memorandum Order at 7-8. After considering Novartis' motion for reconsideration and the entire record herein, the Court cannot find that the record in this case is deficient in any respect. FDA's response [*12] to Novartis' citizen petitions provide adequate explanation of FDA's reasons for reaching the conclusion it reached. The Court is satisfied that FDA's "path may reasonably be discerned," and the Court is not "left to guess as to the agency's findings or reasons." *Bush-Quayle '92 Primary Committee, Inc. v. FEC*, 322 U.S. App. D.C. 405, 104 F.3d 448, 454 (D.C. Cir. 1997); see also *Personal Watercraft Industry Ass'n v. Department of Commerce*, 310 U.S. App. D.C. 364, 48 F.3d 540, 546 n.4 (D.C. Cir. 1995) (rejecting plaintiff's allegation that the challenged regulation should be invalidated because the entire administrative record was not filed in the district court, holding that the agency "filed all of the material it relied on".)

The FDA decisions at issue in this case are the decisions discussed in FDA's response to Novartis' citizen petitions. The Court agrees with the Magistrate Judge's ruling that the earlier administrative records of FDA decisions in other cases are not relevant to this case and were properly withheld since they were not relied upon by FDA decisionmakers in Novartis' case. The Court finds no evidence to support Novartis' contention that the FDA acted in [*13] bad faith by excluding material "adverse" to its decisions. Novartis Mem. at 29. The FDA filed the entire public docket of the Novartis

Case 1:05-cv-01810-RMU    Document 14-3    Filed 12/29/2005    Page 4 of 4

Page 4
2000 U.S. Dist. LEXIS 6152, *

citizen petitions, and there is no evidence of any impropriety. Therefore, the Court will uphold the Magistrate Judge's rulings on this issue as well.

### C. Alleged Procedural Errors

Novartis also alleges that the Magistrate Judge made three procedural errors. First, Novartis claims that the Magistrate Judge failed to compel the federal defendants to compile a sufficient log of the SangCya ANDA. Novartis Mem. at 31. However, the Magistrate Judge found that the log compiled was adequate for review. The Court must affirm this ruling since it does not appear to be an abuse of discretion and this Court is not left with a definite and firm conviction that there has been a mistake.

Second, Novartis argues that the Magistrate Judge improperly allowed the federal defendants to give the ANDA record to SangStat, but not to Novartis. Novartis Mem. at 33-34. This argument lacks merit. The ADNA record belongs to SangStat and involves SangStat's trade secrets and confidential information. The federal defendants would not have been authorized to give this [*14] information to Novartis absent a protective order. The Magistrate Judge properly designated which information was confidential and privileged and which could be included in the public record. Therefore, Novartis' argument that SangStat's ANDA was improperly withheld from Novartis is baseless.

Finally, Novartis alleges that the Magistrate Judge erroneously failed to compel the federal defendants to submit the complete record, and this may result in a denial of due process. Novartis Mem. at 34-39. However, as discussed above, the Court finds that there has been no such failure by the Magistrate Judge.

In summary, the Court finds no procedural errors in the Magistrate Judge's decision and will thus affirm Magistrate Judge Kay's January 18, 2000 Memorandum Order.

### IV. CONCLUSION

For the foregoing reasons, Novartis' Motion for Reconsideration is denied. The federal defendants will submit the previously omitted 32-page document to Magistrate Judge Kay for his consideration within 10 days of receipt of this opinion. An Order will accompany this Opinion.

April 28th, 2000

Thomas F. Hogan

United States District Judge

### ORDER

In accordance with the accompanying Memorandum [*15] Opinion, it is hereby

**ORDERED** that Novartis Pharmaceutical Corporation's motion for reconsideration of Magistrate Judge Kay's January 18, 2000 Memorandum Order is **DENIED**. It is further hereby

**ORDERED** that the federal defendants produce for Magistrate Judge Kay's consideration the previously omitted 32-page document, within 10 days of receipt of this Order.

April 28th, 2000

Thomas F. Hogan

United States District Judge