**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SANDOZ INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL O. LEAVITT, Secretary of ) | Case No. 1:05CV01810 (RMC) |
| Health and Human Services, and ) | |
| ANDREW C. VON ESCHENBACH, M.D., ) | |
| Acting Commissioner, Food and Drug ) | |
| Administration, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**UNOPPOSED MOTION FOR AN EXPEDITED STATUS CONFERENCE**

Sandoz Inc. ("Sandoz") respectfully moves this Court, to which this case was just reassigned on December 22, 2005, to convene a status conference with the parties – either by teleconference or in person on an expedited basis at the Court's earliest convenience. "The Defendants do not oppose the setting of a status conference, but believe a status conference is not necessary at this point in time." For its part, Sandoz believes, as briefly summarized below, that a status conference is warranted, indeed urgently required, in light of the following:

(i) the number of near-term scheduling matters requiring attention, including the parties' agreed accelerated schedule for dispositive cross-motions to resolve Sandoz' claims;

(ii) Sandoz' pending Motion To Compel, which will be fully briefed this week; and

(iii) developments in similar proceedings, Tummino v. FDA, No. 05-CV-366 (E.D.N.Y. 2005) (Korman, CJ), involving comparable, overlapping claims that have been actively litigated

in another District over the past year, in connection with which Sandoz is evaluating the appropriateness of a potential Motion To Transfer in the interest of judicial economy.

As indicated at the outset, in accordance with LCvR 7(m), counsel for Sandoz has conferred with counsel for the Federal Defendants. A proposed Order accompanies this Motion.

Sandoz filed this action on September 13, 2005, after Sandoz had made unprecedented efforts to secure unlawfully withheld action by the Federal Defendants that could have averted the need for litigation if the statutorily-compelled final action by the Food and Drug Administration ("FDA") had been taken on Sandoz' unreasonably delayed new drug application ("NDA") for its human growth hormone product, Omnitrope. As pleaded by Sandoz, this is not a conventional Administrative Procedure Act ("APA") case about the merits of some routine administrative action. In its 43-page Complaint, Sandoz presented five (5) well-pled APA causes of action arising from the Federal Defendants' unreasonable delay, failure to act, and constructive action adverse to Sandoz. The Federal Defendants answered Sandoz' Complaint on November 14, 2005, and counsel for the parties initiated discussions leading up to their Joint Meet And Confer Agreement filed on December 6, 2005, which the Federal Defendants supplemented (noting Sandoz' objections thereto) on December 19, 2005.[1]

Based upon persisting irreconcilable differences over the proper scope of the requisite Administrative Record to be produced in this case, Sandoz filed a Motion to Compel on December 16, 2005. In advance of filing that Motion, Sandoz voluntarily consented to the Federal Defendants' request for deferral of their Opposition until December 29, 2005.

---

[1] The Federal Defendants previously agreed, as set forth in the parties' Joint Meet And Confer Agreement, that production of what *FDA considers* the "existing Administrative Record" would be completed by December 19, 2005. That process alone – which will only produce documents that were available to Sandoz at the time Sandoz filed this lawsuit – still has not been completed. FDA's production is already overdue. Sandoz is very concerned that such a delay this early in the proceedings, particularly in the face of the reassignment of this case, does not auger well for adherence to the agreed-upon accelerated schedule for this matter.

Sandoz intends to file a concise reply so that its Motion is fully briefed this week promptly following the New Year's Federal holiday.  In its Motion To Compel, Sandoz seeks production of the remaining Administrative Record by January 6, 2006, in order to maintain the parties' agreed-upon schedule for cross-motions, the first of which Sandoz would be scheduled to file 10 days later on January 16, 2006.[2]  Prompt resolution of Sandoz' Motion is required to preserve that schedule, and Sandoz believes a status conference can assist this Court in holding the parties to briefing the cross-motions on an expedited basis.

Sandoz also believes that an immediate status conference would be in the interest of judicial economy and an appropriately-accelerated resolution of these proceedings because it would allow this Court and the parties to address what Sandoz sees as two potential key considerations that might impact an expedited decision:  (i) the extent to which the schedule of this Court, to which this case has only just been reassigned, will permit timely consideration of and ruling on the parties' pending submissions and forthcoming dispositive motions; and (ii) the potential merit of a possible Motion For Transfer of this case to the Eastern District of New York, where the Chief Judge (Korman, CJ) has been presiding for the past 12 months over a comparable failure-to-act case (addressed in Sandoz' pending Motion To Compel) that presents overlapping claims.  Tummino, No. 05-CV-366 (E.D.N.Y. 2005).

---

[2]  Sandoz has no clear impression as to the size of the remaining scope of the Administrative Record in this case, but anticipates that it encompasses hundreds if not thousands of pages of documents.  Nonetheless, Sandoz' counsel is prepared to take their production on January 6th, fully evaluate the requisite Administrative Record, and proceed as appropriate relative to Sandoz' cross-motion on January 16th.  In order for that to occur, this Court must order FDA to compile and produce to Sandoz' counsel the remainder of the complete record pursuant to the parties' proposed Protective Order.  Sandoz anticipates that, consistent with the Federal Rules of Civil Procedure and applicable Federal statutes, all records in all Federal Defendant offices relating or referring to all matters in Sandoz' Complaint have been and are being preserved in their original form pending disposition of this litigation, such that their production will not in any way be impeded by the need for inquiries into the spoilage or disposal of probative evidence – particularly that which supports Sandoz' claims.  In order that Sandoz and this Court can be assured in this regard, Sandoz' Motion to Compel asks the Court to include a spoilage provision in its Order and to require the Federal Defendants (not their counsel) to file a document retention assurance with the Court since counsel for the Federal Defendants still has been unable to provide such an assurance (originally requested December 14, 2005).

Chief Judge Korman held oral argument on December 22, 2005, on an FDA dispositive motion that Sandoz currently anticipates may mirror in relevant parts the dispositive motion that FDA plans to file before this Court on February 13, 2006.[3]  In a persuasively-reasoned oral opinion, Chief Judge Korman denied FDA's dispositive motion in every relevant respect at the end of an almost two-hour hearing in open court.[4]  The Chief Judge also lifted the stay on discovery in that case[5] – where, unlike here, FDA has granted non-applicant third-party plaintiffs access to a much broader Administrative Record, including all underlying documentation regarding the NDA at issue in that case.  See Sandoz Motion To Compel at 6-7.  Indeed, as set forth in the plaintiffs' most recent submissions in Tummino, a variety of internal FDA documents that FDA is denying to Sandoz in this case have been produced in that case.[6]

Unlike this case, where Sandoz is the direct party in interest, it has just become clear that FDA has produced hundreds of pages in Tummino covering, *inter alia*, numerous "predecisional" FDA Reviews and Memoranda and addenda thereto, internal FDA Meeting

---

[3]    Indeed, given the Federal Defendants' arguments, in their Opposition to Sandoz' pending Motion To Compel, on the ultimate merits of Sandoz' claims, it appears that the Federal Defendants are preparing to reargue before this court the same contentions that were disposed of by Chief Judge Korman at the conclusion of the December 22nd oral argument in Tummino.  See *infra* note 4 and accompanying text.

[4]    The following Order is reflected in the Court's Docket:  "ORDER denying [34] Motion for Judgment on the Pleadings NOT FOR PUBLICATION. Ordered by Judge Edward R. Korman on Dec. 22, 2005. The record should reflect the fact that I have reserved decision on the issue whether the District Court or the Court of Appeals is the appropriate forum for the cause of action based on the denial of the Citizen Petition (assuming it was denied). I will review the relevant caselaw and then decide this matter. Plaintiffs shall notify me whether they would oppose a transfer of this cause of action to the Court of Appeals. Defendant's motion for judgment on the pleadings is otherwise denied. (Korman, Edward) (Entered: 12/22/2005)".

[5]    Accordingly, as reflected in the post-hearing Order entered by the Magistrate Judge in Tummino, the Plaintiffs in that case have been authorized to proceed with supplementing the already-expansive Administrative Record through the discovery process.  See Tummino, Civil Conference Order Of U.S. Mag. Judge Viktor V. Pohorelsky [78], Dec. 22, 2005 ("plaintiffs may propound further discovery requests as they deem appropriate, and the defendants may include in their supplemental papers any objections to the requests") (attached as Pl.'s Ex. 1).

[6]    See Tummino, Supplemental Authority in Support of Plaintiffs' Opposition to Defendant's Motion for Judgment on the Pleadings And in Opposition to Defendant's Motion to Preclude Discovery [77-1], & Ex.1 [77-2] & Ex. 2 [77-3] thereto, Dec. 21, 2005 (attached as Pl.'s Ex. 2).

Minutes, internal FDA Teleconference minutes, internal FDA e-mail, and FDA Commissioner Briefing documents.  For this Court's convenience, while the "predecisional" materials FDA has produced in Tummino are publicly-available and accessible from the E.D.N.Y. electronic docket, Sandoz has attached a copy of a portion of those materials (Exhibits 1 and 2 accompanying the Tummino plaintiffs' most recent filing) for this Court's reference.  See Pl.'s Ex. 2.  (In order not to burden this Court, Sandoz has not filed all of those publicly-available materials with this Motion but will gladly make them available to this Court for its reference.)

The December 22nd proceedings reflected that Chief Judge Korman has an intimate familiarity with and understanding of (i) many of the very same claims Sandoz has lodged in its Complaint, (ii) the relevant provisions of the Food, Drug, and Cosmetics Act and APA that Sandoz alleges the Federal Defendants have violated in this case, and (iii) the caselaw governing the appropriate scope of the Administrative Record in an APA case such as this one, in which many of the claims revolve around alleged unlawful failure-to-act.  In the interest of judicial economy and the most efficient and expedited resolution of Sandoz' claims, Sandoz believes this Court would benefit from a prompt status conference at which the parties and the Court could address whether consideration should be given as to whether reassignment of this case should involve a transfer of these proceedings to the Eastern District rather than to this Court.

**CONCLUSION**

Given the delays already encumbering this case (which take on greater materiality here given the failure-to-act claims at issue in Sandoz' Complaint), the sudden and unexpected reassignment of this matter to this Court threatens not only to disrupt the parties' agreed-upon briefing schedule but also to require this Court's intense involvement and focused intervention in this matter over a short period of time between January and March 2006.  In order to ensure that

-5-

there is a clear understanding of the process for that to occur in the context of the pending matters and the parties' agreed-upon briefing schedule, Sandoz believes this Court will benefit from an expedited Status Conference. Counsel for Sandoz stands ready to participate in a Status Conference – by telephone or in person – at the earliest possible date it can be convened.

Date:   January 3, 2006                        Respectfully submitted,


                                                /s/
                                        JOHN M. ENGEL (DCBN 443628)
                                        Engel & Novitt, LLP
                                        Market Square
                                        Suite 620
                                        801 Pennsylvania Avenue, N.W.
                                        Washington, DC  20004
                                        Telephone: (202) 207-3303
                                        Fax: (202) 207-3318
                                        E-Mail: jengel@engelnovitt.com
                                        Attorneys for Plaintiff Sandoz Inc.