# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDOZ INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL O. LEAVITT, Secretary of ) | Case No. 1:05CV01810 (RMU) |
| Health and Human Services, and ) | |
| ANDREW C. VON ESCHENBACH, M.D., ) | |
| Acting Commissioner, Food and Drug ) | |
| Administration, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## [PROPOSED] ORDER

Upon consideration of the Motion Of Sandoz Inc. ("Sandoz") For Summary Judgment On All Counts In Its Complaint, the Opposition of the Federal Defendant thereto, the Federal Defendants' Cross-Motion For Summary Judgment, oral argument by counsel for the parties, and the entire record of these proceedings herein, it is hereby

**ORDERED** that Sandoz' Motion For Summary Judgment On All Counts In Its Complaint Is **GRANTED**; it is further

**ORDERED** that the Federal Defendants' Cross-Motion For Summary Judgment is **DENIED**; it is further

**ORDERED** that declaratory judgment is hereby entered that, with regard to Sandoz' NDA No. 21-426 for Omnitrope, which was submitted July 30, 2003, under Federal Food, Drug, and Cosmetic Act ("FD&C") Section 505(b)(2), 21 U.S.C. § 355(b)(2) ("the Omnitrope NDA"), the statutory time period under FD&C Act Section 505(c)(1), 21 U.S.C. § 355(c)(1), for FDA to

take nondiscretionary action either approving or denying approval of the Omnitrope NDA ended on August 31, 2004, at which time Sandoz no longer agreed to extend the otherwise applicable one hundred and eighty day period specified in Section 505(c)(1) of the FD&C Act; it is further

**ORDERED** that declaratory judgment is hereby entered that none of the seven (7) statutorily-enumerated "grounds for denying approval" set forth in FD&C Act Section 505(d), 21 U.S.C. § 355(d), has been identified by FDA as being applicable to the Omnitrope NDA; it is further

**ORDERED** that FDA's August 31, 2004, letter to Sandoz does not satisfy the requirement under FD&C Act Section 505(c)(1), 21 U.S.C. § 355(c)(1), that FDA take its nondiscretionary action either approving or denying approval of the Omnitrope NDA ("Action Letter"); it is further

**ORDERED** that a declaratory judgment is hereby entered that Defendants' continued failure to provide the statutorily-required Action Letter in response to Sandoz' Omnitrope NDA constitutes agency action unlawfully withheld and unreasonably delayed; it is further

**ORDERED** that a declaratory judgment is hereby entered that Defendants have engaged in the disparate treatment of Sandoz and the Omnitrope NDA; it is further

**ORDERED** that a declaratory judgment is hereby entered that, with regard to the Citizen Petition submitted on May 14, 2004 by Pfizer concerning the Omnitrope NDA: the petition is based upon flawed evidence in the record and lacks a reasonable basis in the record; FDA failed to adhere either to the letter or spirit of the agency's Citizen Petition regulations set forth at 21 C.F.R. § 10.30, by failing to respond within 180 days of receipt of the petition as required by 21 CFR § 10.30(e)(2); and that FDA effectively and constructively granted the Pfizer Citizen

Petition by failing to take a timely statutorily-imposed action on the Omnitrope NDA; it is further

**ORDERED** that FDA's constructive granting of the Pfizer Citizen Petition is hereby set aside and vacated; it is further

**ORDERED** that a declaratory judgment is hereby entered that the FD&C Section 505(b)(2) pathway can be used for protein-based biologic drugs regulated under Section 505 of the FD&C Act; it is further

**ORDERED** that the Food and Drug Administration ("FDA") is required to take a statutorily-mandated action approving or disapproving the Omnitrope NDA with all due speed and no later than ten (10) business days of the issuance of this order; it is further

**ORDERED** that declaratory judgment is hereby entered that, unless the Secretary finds one or more of the seven (7) specified "grounds for denying approval" set forth in Section 505(d) of the FD&C Act applies, and unless the Secretary also should set in forth in detail the specific deficiencies and, as appropriate, the actions necessary to place the Omnitrope NDA in condition for approval, as required by the Prescription Drug User Fee Act Performance Goal XIV.A, as established and incorporated by Title V of the Public Health Security and Bioterrorism Preparedness and Response Act of 2002, P.L. 107-188, FDA shall approve the Omnitrope NDA when the Agency acts pursuant to the foregoing provision of this Order; it is further

**ORDERED** that this shall constitute a **FINAL JUDGMENT** in Civil Action Number 05-1810, and that this is a final appealable order pursuant to Fed. R. App. P. 4(a); it is further

**ORDERED** that Sandoz is hereby awarded the costs of this action.

_____, 2006

_____
RICARDO M. URBINA
United States District Judge