**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SANDOZ INC.                                )
                                           )
    Plaintiffs,           )
                                           )
  v.                                 )  Case No. 1:05CV01810 (RMU)
                                           )
MICHAEL O. LEAVITT, Secretary of           )
Health and Human Services, and             )
ANDREW C. VON ESCHENBACH, M.D.,            )
Acting Commissioner, Food and Drug         )
Administration,                            )
                                           )
    Defendants.            )
———————————————————)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
<u>STATEMENT OF MATERIAL FACTS NOT IN DISPUTE</u>**

  Defendants respectfully submit this response to Sandoz Inc.'s ("Sandoz") statement of

material facts not in dispute.  Local Rule 7.1(h) provides that oppositions to motions for

summary judgment shall be accompanied by a separate and concise statement of genuine issues

"setting forth all material facts as to which it is contended there exists a genuine issue necessary

to be litigated."  Defendants do not believe any of the alleged "facts" in Sandoz's statement of

material facts need to be litigated in a manner other than through the cross-motions for summary

judgment that have been filed because this is an administrative record case that involves only

legal issues.  Defendants have added citations to the existing administrative record ("A.R.")

where appropriate.

  Defendants respond to each paragraph as follows, using the same paragraph numbering

used in Sandoz's statement, and dispute each and every assertion not specifically admitted below:

  1.  Paragraph 1 contains a legal conclusion to which a response is not required, and

Defendants refer the Court to Section 505 of the Food, Drug, and Cosmetic Act ("FDCA"), 21

U.S.C. § 355, for the precise statutory language.

2.     Defendants do not dispute the statement contained in paragraph 2.

3.     Defendants do not dispute the statement contained in paragraph 3.

4.     Defendants do not dispute the statement contained in paragraph 4.

5.     Defendants do not dispute the statement contained in paragraph 5.

6.     Defendants do not dispute that FDA approved the Genotropin application, submitted by Pharmacia and Upjohn, over 10 years ago, on August 24, 1995.

7.     Defendants do not dispute that Genotropin and all the other human growth hormone products approved by FDA were based on NDAs submitted under Section 505(b) of the FDCA.  To the extent there may be any dispute as to Sandoz's characterization of the Genotropin approval, that dispute does not present a genuine issue of material fact.

8.     Defendants do not dispute the statement contained in paragraph 8.

9.     Paragraph 9 contains a legal conclusion to which a response is not required, and Defendants refer the Court to Section 505 of the FDCA for the precise statutory language.

10.     Defendants do not dispute that the quoted language is from The Pink Sheet.  The remainder of this paragraph contains Sandoz's characterization of that document, which is not part of the administrative record and which is not material to the resolution of this case.

11.     Defendants lack knowledge of the statement contained in paragraph 11, as the cited record does not contain the somatropin compendial specifications adopted by the European Pharmacopoeia.  The statement contained in paragraph 11 is not material to the resolution of this case.

12.     Defendants do not dispute the statement contained in paragraph 12.

2

13.    Defendants do not dispute the statement contained in paragraph 13.

14.    Defendants lack knowledge of the statement contained in paragraph 14, as the cited record does not contain Biochemie meeting minutes. The statement contained in paragraph 14, regarding Sandoz's reasons for submitting the Omnitrope NDA under Section 505(b)(2), is not material to the resolution of this case.

15.    Defendants lack knowledge of the statement contained in paragraph 15, as the cited record does not contain Biochemie meeting minutes. The statement contained in paragraph 15, regarding Sandoz's reasons for submitting the Omnitrope NDA under Section 505(b)(2), is not material to the resolution of this case.

16.    Defendants lack knowledge of the statement contained in paragraph 16, as the cited record does not contain Biochemie meeting minutes. The statement contained in paragraph 16, regarding Sandoz's reasons for submitting the Omnitrope NDA under Section 505(b)(2), is not material to the resolution of this case.

17.    Defendants lack knowledge of the statement contained in paragraph 17, as the cited record does not contain Biochemie meeting minutes. The statement contained in paragraph 17, regarding Sandoz's reasons for submitting the Omnitrope NDA under Section 505(b)(2), is not material to the resolution of this case.

18.    Paragraph 18 contains Sandoz's characterization of data submitted in support of the Omnitrope NDA, and Defendants refer the Court to the application in the administrative record for a full and complete statement of its contents. AR 002795-031432.

19.    Paragraph 19 contains Sandoz's characterization of data submitted in support of the Omnitrope NDA, and Defendants refer the Court to the application in the administrative

record for a full and complete statement of its contents.  AR 002795-031432.

20.    Defendants do not dispute that Sandoz seeks approval of Omnitrope for: "(I) long-term treatment of pediatric patients who have growth failure due to an inadequate secretion of endogenous growth hormone; and (ii) long-term replacement therapy in adults with growth hormone deficiency of either childhood or adult-onset etiology."  The remainder of paragraph 20 contains Sandoz's characterization of the Omnitrope NDA, and Defendants refer the Court to the application in the administrative record for a full and complete statement of its contents.  AR 002795-031432.  To the extent there may be any dispute as to Sandoz's characterization of the application, that dispute does not present a genuine issue of material fact.

21.    Paragraph 21 contains Sandoz's characterization of the Omnitrope NDA, and Defendants refer the Court to the application in the administrative record for a full and complete statement of its contents.  AR 002795-031432.

22.    Paragraph 22 contains Sandoz's characterization of the Omnitrope NDA, and Defendants refer the Court to the application in the administrative record for a full and complete statement of its contents.  AR 002795-031432.

23.    Paragraph 23 contains Sandoz's characterization of the Omnitrope NDA, and Defendants refer the Court to the application in the administrative record for a full and complete statement of its contents.  AR 002795-031432.

24.    Defendants dispute that FDA reviewers completed their review of the Omnitrope NDA in August 2004, but that dispute relates to the legal issues in this case and does not preclude entry of summary judgment.

25.    Defendants lack knowledge of the statement contained in paragraph 25 because

the agency has not yet completed its review of the Omnitrope NDA.  The statement contained in paragraph 25 is not material to the resolution of this case.

26.     Defendants lack knowledge of the statement contained in paragraph 26 because the agency has not yet completed its review of the Omnitrope NDA.  The statement contained in paragraph 26 is not material to the resolution of this case.

27.     Defendants lack knowledge of the statement contained in paragraph 27 because the agency has not yet completed its review of the Omnitrope NDA.  The statement contained in paragraph 27 is not material to the resolution of this case.

28.     Defendants do not dispute the statement contained in paragraph 28.

29.     Paragraph 29 contains a legal conclusion to which a response is not required.

30.     Paragraph 30 contains Sandoz's characterization of data submitted in support of the Omnitrope NDA, and Defendants refer the Court to the application in the administrative record for a full and complete statement of its contents.  AR 002795-031432.

31.     Paragraph 31 contains Sandoz's characterization of data submitted in support of the Omnitrope NDA, and Defendants refer the Court to the application in the administrative record for a full and complete statement of its contents.  AR 002795-031432.

32.     Defendants lack knowledge of the statement contained in paragraph 32 because the agency has not yet completed its review of the Omnitrope NDA.

33.     Defendants do not dispute that "USP published a new USP monograph for somatropin" two years after Sandoz submitted the Omnitrope NDA.  Defendants lack knowledge of the remainder of paragraph 33 because the agency has not yet completed its review of the Omnitrope NDA.

5

34.     Paragraph 34 contains Sandoz's characterization of data submitted in support of the Omnitrope NDA, and Defendants refer the Court to the application in the administrative record for a full and complete statement of its contents.  AR 002795-031432.

35.     Paragraph 35 contains a legal conclusion to which a response is not required.

36.     Defendants do not dispute that Defendants have not yet taken final action on the Omnitrope NDA.  The remainder of paragraph 36 contains a legal conclusion to which no response is required.

37.     Defendants do not dispute that Defendants have not yet taken final action on the Omnitrope NDA.  The remainder of paragraph 37 contains a legal conclusion to which no response is required.

38.     Defendants do not dispute the statement contained in paragraph 38.

39.     Defendants do not dispute the statement contained in paragraph 39.

40.     Defendants lack knowledge of the statement contained in paragraph 40 because the agency has not yet completed its review of the Omnitrope NDA.

41.     Defendants dispute that "the FDA professional scientists and reviewers fully completed their review of the NDA in August 2004," but that dispute relates to the legal issues in this case and does not preclude entry of summary judgment.  Defendants lack knowledge of the remainder paragraph 41 because the agency has not yet completed its review of the Omnitrope NDA.

42.     Paragraph 42 contains a legal conclusion to which no response is required and Sandoz's characterization of the cited statute and Federal Register notice, and Defendants refer the Court to those documents, which are not included in the cited evidence, for a full and

complete statement of their contents.

43. Defendants do not dispute the statement contained in paragraph 43.

44. Defendants do not dispute that Defendants have not yet taken final action on the Omnitrope NDA. The remainder of paragraph 44 contains legal conclusions regarding statutory requirements to which no response is required.

45. Defendants do not dispute the statement contained in paragraph 45.

46. Defendants do not dispute the statement contained in paragraph 46.

47. Paragraph 47 contains Sandoz's characterization of FDA's August 31, 2004 letter fo Sandoz, and Defendants refer the Court to that letter in the administrative record for a full and complete statement of its contents. AR 00001-00004.

48. Paragraph 48 contains a legal conclusion to which a response is not required and Sandoz's characterization of FDA's August 31, 2004 letter to Sandoz, and Defendants refer the Court to that letter in the administrative record for a full and complete statement of its contents. AR 00001-00004.

49. Defendants do not dispute that the quoted language in paragraph 49 is from FDA's August 31, 2004 letter to Sandoz, and Defendants refer the Court to that letter in the administrative record for a full and complete statement of its contents. AR 00001-00004.

50. Paragraph 50 contains a legal conclusion to which no response is required.

51. Paragraph 51 contains Sandoz's characterization of FDA's August 31, 2004 letter to Sandoz, and Defendants refer the Court to that letter in the administrative record for a full and complete statement of its contents. AR 00001-00004.

52. Defendants do not dispute that the quoted language in paragraph 52 is from FDA's

August 31, 2004 letter to Sandoz, and Defendants refer the Court to that letter in the administrative record for a full and complete statement of its contents. AR 00001-00004.

53.    Defendants do not dispute that the quoted language in paragraph 53 is from FDA's August 31, 2004 letter to Sandoz, and Defendants refer the Court to that letter in the administrative record for a full and complete statement of its contents. AR 00001-00004.

54.    Defendants do not dispute that the quoted language in paragraph 54 is from FDA's August 31, 2004 letter to Sandoz, and Defendants refer the Court to that letter in the administrative record for a full and complete statement of its contents. AR 00001-00004.

55.    Defendants do not dispute that the quoted language in paragraph 55 is from FDA's August 31, 2004 letter to Sandoz, and Defendants refer the Court to that letter in the administrative record for a full and complete statement of its contents. AR 00001-00004.

56.    Defendants do not dispute that the quoted language in paragraph 56 is from FDA's August 31, 2004 letter to Sandoz, and Defendants refer the Court to that letter in the administrative record for a full and complete statement of its contents. AR 00001-00004.

57.    Defendants dispute the statement contained in paragraph 57, but that dispute relates to the legal issues in this case and does not preclude entry of summary judgment.

58.    Defendants lack knowledge of the statement contained in paragraph 58 because the agency has not yet completed its review of the Omnitrope NDA or the Pfizer Petition.

59.    Defendants do not dispute that FDA issued a consolidated response to citizen petitions submitted by Pfizer, Biotechnology Industry Organization, and TorPharm on October 14, 2003. AR 002757-002794. Defendants lack knowledge of the remainder of paragraph 59 because the agency has not yet completed its review of the Omnitrope NDA or the Pfizer

Petition.

60.     Defendants lack knowledge of the statement contained in paragraph 60 because it is unclear what Sandoz means by the Administrative Records of those petitions being "effectively closed."  Defendants refer the Court to the citizen petition dockets in the administrative record for full and complete statements of their contents.  AR 00005-001605; 002102-002756.

61.     Defendants lack knowledge of the statement contained in paragraph 61 because the agency has not yet completed its review of the Omnitrope NDA.

62.     Defendants dispute the statement contained in paragraph 62, but that dispute relates to the legal issues in this case and does not preclude entry of summary judgment.

63.     Defendants admit that "FDA held a Public Workshop on September 14-15, 2004, during which testimony was presented on behalf of the Novartis Group of companies (among other participants)."  Defendants lack knowledge of the remainder of paragraph 63 because the agency has not yet completed its review of the Omnitrope NDA.

64.     Defendants do not dispute the statement contained in paragraph 64.

65.     Defendants do not dispute that submissions, including one on behalf of the Novartis group of companies, were made to the docket prior to November 12, 2004.  To the extent there may be any dispute as to Sandoz's characterization of the submissions, that dispute does not present a genuine issue of material fact.

66.     Defendants do not dispute that FDA reopened the public docket on February 16, 2005, and Defendants refer the Court to the Federal Register Notice of the reopening for a full and complete statement of its contents.  AR 001617-001618.  To the extent there may be any

dispute as to Sandoz's characterization of the docket reopening, that dispute does not present a genuine issue of material fact.

67.     Defendants lack knowledge of the statement contained in paragraph 67 because the agency has not yet completed its review of the Omnitrope NDA.

68.     Defendants do not dispute the statement contained in paragraph 68.

69.     Defendants do not dispute that FDA's past use of Section 505(b)(2) to approve biologic drug applications was discussed at the public workshop.  To the extent there may be any dispute as to Sandoz's characterization of the Omnitrope NDA, that dispute does not present a genuine issue of material fact.

70.     Defendants do not dispute that during a presentation, FDA stated that glucagon and hyaluronidase were approved pursuant to 505(b)(2) NDAs.  The remainder of paragraph 70 contains a legal conclusion to which no response is required.

71.     Defendants do not dispute that Fortical was approved pursuant to a 505(b)(2) NDA.  Defendants lack knowledge of the remainder of paragraph 71 because the agency has not yet completed its review of the Omnitrope NDA or the Pfizer Petition.

72.     Defendants lack knowledge of the statement contained in paragraph 72 because the agency has not yet completed its review of the Omnitrope NDA or comments submitted to the public docket.

73.     Paragraph 73 contains Sandoz's characterization of two legal decisions and Defendants refer the Court to the cited court decisions for a full and complete statement of their contents.  Those decisions are not material to the resolution of this case.

74.     Defendants do not dispute the statement contained in paragraph 74.  Defendants

clarify that the cited patent certification is located at AR 031101-031415.

75.     Defendants do not dispute the statement contained in paragraph 75.  Defendants clarify that the patent information is located at AR 031101-031415 and AR 031421-031428.

76.     Defendants do not dispute the statement contained in paragraph 76.  Defendants clarify that the patent information is located at AR 031101-031415 and AR 031421-031428.

77.     Defendants do not dispute the statement contained in paragraph 77.  Defendants clarify that the cited patent certification is located at AR 031421-031428.

78.     Paragraph 78 contains a legal conclusion to which a response is not required, and Defendants refer the Court to the statute cited by Sandoz, 21 U.S.C. § 355(b)(2) et seq., for the precise statutory language.

79.     Defendants dispute the statement contained in paragraph 79, but that dispute relates to the legal issues in this case and does not preclude entry of summary judgment.

80.     Defendants do not dispute that the quoted language in paragraph 80 is from FDA's August 31, 2004 letter to Sandoz, and Defendants refer the Court to that letter in the administrative record for a full and complete statement of its contents.  AR 00001-00004.

81.     Defendants dispute the statement contained in paragraph 81, but that dispute relates to the legal issues in this case and does not preclude entry of summary judgment.

82.     Defendants do not dispute the statement contained in paragraph 82.

83.     Defendants lack knowledge of the statement contained in paragraph 83 because the agency has not yet completed its review of the Pfizer Petition.

84.     Defendants lack knowledge of the statement contained in paragraph 84 because the agency has not yet completed its review of the Pfizer Petition.

11

85.     Defendants lack knowledge of the statement contained in paragraph 85 because the agency has not yet completed its review of the Pfizer Petition.

86.     Defendants lack knowledge of the statement contained in paragraph 86 because the agency has not yet completed its review of the Pfizer Petition.

87.     Defendants do not dispute the statement contained in paragraph 87.

88.     Defendants do not dispute the statement contained in paragraph 88.

89.     Defendants do not dispute the statement contained in paragraph 89.

90.     Defendants do not dispute the statement contained in paragraph 90, but Defendants clarify that Vitrase was approved on May 5, 2004.  The statement contained in paragraph 90 is not material to the resolution of this case.

91.     The statement contained in paragraph 91 is not material to the resolution of this case.

92.     Defendants do not dispute that FDA approved a hyaluronidase product on October 26, 2004, but the statement contained in paragraph 92 is not material to the resolution of this case.  The last clause of the statement in paragraph 92 contains a legal conclusion to which a response is not required.

93.     Defendants do not dispute that FDA approved Hylenex on December 5, 2005, but the statement contained in paragraph 93 is not material to the resolution of this case.

94.     The statement contained in paragraph 91 is not material to the resolution of this case.

95.     The statement contained in paragraph 91 is not material to the resolution of this case.

12

96.     Defendants do not dispute that FDA approved Amphadase on October 26, 2004, but the statement contained in paragraph 96 is not material to the resolution of this case.

97.     Defendants do not dispute that FDA approved GlucaGen on June 22, 1998, but the statement contained in paragraph 97 is not material to the resolution of this case.

98.     Defendants do not dispute that FDA approved a menotropins product derived from mammalian urine pursuant to a 505(j) ANDA, and that FDA approved a menotropins product pursuant to a 505(b)(2) NDA in August 1999, but those facts are not material to the resolution of this case.  Defendants dispute that FDA approved a 505(j) ANDA for a menotropins product in October 2004, but that dispute is not material to the resolution of this case.  The remainder of paragraph 98 contains Sandoz's characterization of a judicial decision to which a response is not required, and Defendants refer this Court to that decision for a full and complete statement of its contents.

99.    Defendants do not dispute that FDA approved Fortical in August 2005, but the statement contained in paragraph 99 is not material to the resolution of this case.

Of Counsel:                                    Respectfully submitted,

PAULA M. STANNARD                              PETER D. KEISLER
Acting General Counsel                         Assistant Attorney General

SHELDON T. BRADSHAW                            EUGENE M. THIROLF
Associate General Counsel                      Director
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation                    _____/s/_____
                                               DOUGLAS W. STEARN (DCBN 440735)
SHOSHANA HUTCHINSON                            Trial Attorney
Assistant Chief Counsel                        Office of Consumer Litigation
U.S. Dept. of Health & Human Services          U.S. Department of Justice
Office of the General Counsel                  P.O. Box 386
5600 Fishers Lane                              Washington, D.C. 20044
Rockville, MD  20857                           Telephone: (202) 307-0061
(301) 827-8579                                 Facsimile:  (202) 514-8742
                                               E-mail: douglas.stearn@usdoj.gov
February 13, 2006

14