UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDOZ INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL O. LEAVITT, Secretary of ) | Case No. 1:05CV01810 (RMU) |
| Health and Human Services, and ) | |
| ANDREW C. VON ESCHENBACH, M.D., ) | |
| Acting Commissioner, Food and Drug ) | |
| Administration, ) | |
| ) | |
| Defendants. ) | |

# *Plaintiff's Exhibit #8*

# *Accompanying*

### CONSOLIDATED OPPOSITION/REPLY PURSUANT TO JANUARY 31ST ORDER SANDOZ' CONSOLIDATED MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REPLY IN SUPPORT OF SANDOZ' MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS IN ITS COMPLAINT

Copyright 2001 CCH Incorporated, All Rights Reserved
CCH Food, Drug & Cosmetic Law Reporter

IMS LIMITED, A DELAWARE CORPORATION v. RICHARD S. SCHWEIKER,
IN HIS CAPACITY AS SECRETARY OF HEALTH AND HUMAN SERVICES,
MARK NOVITCH, IN HIS CAPACITY AS ACTING COMMISSIONER OF FOOD
AND DRUGS, AND FOOD AND DRUG ADMINISTRATION, DEPARTMENT OF
HEALTH AND HUMAN SERVICES

No. CV 81-238 AWT

United States District Court, Central District of California

*Food Drug Cosm. L. Rep. (CCH) P 38,104*

March 31, 1981

Memorandum Decision and Final Summary Judgment dated March 31, 1981.

Human Drugs -- Abbreviated Approval Procedure -- Timetable for Action. -- A drug manufacturer was entitled to a prompt determination by the Secretary of Health and Human Services as to whether its new drug application for dopamine hydrochloride injection, a post-1962 generic drug, could be approved because the agency had unreasonably delayed complying with the requirements of the timetable for action on NDAs. Although the HHS, which had delayed action on the application pending a review of the "paper NDA policy," could be compelled to exercise its statutory duty to act on the application, the delay could not be interpreted to mean that the firm's NDA was thereby "deemed approved" and that the drug could be commercially marketed. The HHS could not be forced to approve the application because district courts may only require agency officials to exercise their discretion, not tell them how to exercise that discretion. Therefore, the plaintiff's motion for summary judgment was granted only to the extent that the HHS was ordered to determine, within 20 days, whether the firm's NDA is approvable.

See P 71,151

**TEXT:**
[Background]

TASHIMA, A. W., District Judge: This is an action for injunctive and declaratory relief, arising under the Federal Food, Drug, and Cosmetic Act ("FDCA"), *21 U. S. C. §§ 301* et seq. and the Administrative Procedure Act ("APA"), *5 U. S. C. §§ 551*-559 and 701-06.

Plaintiff is a manufacturer of prescription drugs. In April 1980, plaintiff submitted to the Food and Drug Administration ("FDA") an application for permission to market a new drug ("NDA") pursuant to *21 U. S. C. § 355*. The drug in question, Dopamine Hydrochloride Injection, has been marketed by another company since 1974.

Under the provisions of the FDCA, *21 U. S. C. § 355*(b), and the applicable regulations, 21 C. F. R. §§ 314.1(c)(2) 10, and 12, a NDA must contain evidence of adequate and well-controlled pre-clinical and clinical investigations showing the drug product to be safe and effective.

["Paper NDA Policy"]

Ordinarily, the investigations submitted as evidence of safety and effectiveness are conducted by or on behalf of the manufacturer submitting the NDA. However, the FDA indicated in 1978 that, as a matter of policy, it would accept reports of clinical studies published in the scientific literature as sufficient evidence. This became known as the "paper NDA policy." The FDA first approved an application under this policy in January 1979.

In October 1980, the FDA informed plaintiff that its NDA was "approvable" under the standards articulated in the paper NDA policy. The application was not approved, however, because at that time the FDA had stayed implementation of that policy pending its determination of whether the policy could be implemented without first engaging in the

Copyright CCH Incorporated, All Rights Reserved

APA notice and comment procedure. It concluded that no rulemaking proceedings were required for general statements of agency policy and ordered reimplementation of the paper NDA policy on December 23, 1980.

Before the policy was resumed, Burroughs Wellcome Company, another manufacturer, filed suit in the United States District Court for the Eastern District of North Carolina, seeking to enjoin implementation of the policy by the FDA. The court temporarily enjoined implementation pending a full hearing on the merits. On January 23, 1981, the court dismissed the action and dissolved the stay, Burroughs Wellcome Co. v. Harris, No. 80-888-CIV-5 (E. D. N. C., Jan. 23, 1981), appeal docketed, (4th Cir., Jan. 28, 1981). The Fourth Circuit declined to stay the policy further pending appeal. As of February 10, 1981, therefore, the FDA was free to implement the paper NDA policy.

The new Secretary of Health and Human Services, Richard L. Schweiker ("the Secretary"), decided to further review the paper NDA policy. Accordingly, implementation of the policy was delayed indefinitely. Plaintiff was informed on February 10 that, pending a review of whether or not the paper NDA policy should be reinstated, its NDA could not be approved.

[The Approval Procedure]

Under the provisions of the FDCA, the Secretary is required, within 180 days after filing of a NDA, to either approve the application or give the applicant notice of an opportunity for a hearing on the question of whether the application should be approved. *21 U. S. C. § 355*(c). If, after the hearing, the Secretary decides that the application should not be approved, the applicant may appeal directly to the Court of Appeals. *21 U. S. C. § 355*(h).

Plaintiff has moved for summary judgment that its NDA "is deemed approved" and that the drug may be marketed in interstate commerce.

*5 U. S. C. § 706*(1) empowers this Court to "compel agency action unlawfully withheld or unreasonably delayed." The defendants have conceded that plaintiff's application was filed more than 180 days ago. Plaintiff, therefore, has the right to a prompt determination by the Secretary as to whether or not its NDA will be approved.

However, this Court does not have the authority to order the Secretary to approve the plaintiff's application. A court may compel an agency official to exercise his discretion, but may not tell him how to exercise that discretion. See, e.g., *Silverthorne v. Laird, 460 F. 2d 1175, 1186-87 (5th Cir. 1972).* This Court, therefore, cannot approve the NDA or compel the agency to do so.

Assuming that the Secretary refuses to approve the application, plaintiff has an administrative remedy: it may demand a hearing before the Secretary. As a general rule, in deciding whether to require a plaintiff to exhaust his administrative remedies before seeking judicial relief, a district court in this circuit must consider:

the need for an administrative record for proper judicial review, the agency's interests in applying its own expertise, in correcting its own errors, and preserving the efficacy and independence of its administrative system, and particularly, ... "whether allowing all similarly situated [individuals] to bypass [the administrative avenue in question] would seriously impair the [agency's] ability to perform its functions."

*Montgomery v. Rumsfeld, 572 F. 2d 250, 254 (9th Cir. 1978),* citing *McGee v. U. S., 402 U. S. 479, 484 (1971); McKart v. U. S., 395 U. S. 185 (1969).* In this case, requiring the Secretary to render a formal opinion that the plaintiff's application is inadequate would arguably serve all of the purposes outlined above.

The Secretary is empowered to decide the standard a new drug's proponent must meet in order to show safety and effectiveness. Plaintiff asserts that the Secretary must apply the paper NDA policy in evaluating its application. That question is not properly before this Court. Because this is a NDA proceeding, the proper fora to assert that argument are the hearing before the Secretary, and, if the NDA is refused, the Court of Appeals.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's motion for summary judgment is granted to the extent consistent with this Memorandum Decision, ordering that the Secretary of Health and Human Services shall, within twenty (20) days of the date of this decision, determine whether plaintiff's NDA is approvable.

2. In all other respects, the motion for summary judgment is denied.

3. Jurisdiction shall be reserved in this equitable proceeding for such further proceedings as may be required.

Copyright CCH Incorporated, All Rights Reserved

 This Memorandum Decision shall serve as the Court's findings of uncontroverted fact and conclusions of law, pursuant to Local Rule 3.14.

 Plaintiff's Motion for Summary Judgment having been heard on March 23, 1981, and the Court having signed and filed its Memorandum Decision,

IT IS ORDERED AND ADJUDGED:

 1. That the Secretary of Health and Human Services shall, within twenty (20) days of the date hereof, issue his determination of whether or not plaintiff's New Drug Application No. 18-014 for Dopamine Hydrochloride Injection is approved;

 2. That if said New Drug Application is not approved and plaintiff requests a hearing pursuant to *21 U. S. C. § 355,* that said hearing shall be held and the determination required to be made thereunder shall be made within the time provided for by law; and

 3. That jurisdiction is reserved in this equitable proceeding for such further proceedings as may be required.

**UPDATE-DATE:** November 16, 2001