UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDOZ INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, Secretary of )<br>Health and Human Services, and )<br>ANDREW C. VON ESCHENBACH, M.D., )<br>Acting Commissioner, Food and Drug )<br>Administration, )<br>)<br>Defendants. ) | Case No. 1:05CV01810 (RMU) |

# *Plaintiff's Exhibit #9*

# *Accompanying*

### CONSOLIDATED OPPOSITION/REPLY PURSUANT TO JANUARY 31ST ORDER SANDOZ' CONSOLIDATED MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REPLY IN SUPPORT OF SANDOZ' MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS IN ITS COMPLAINT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
Annie TUMMINO, *et al.*,                                         :
                                                                 :    CV-05-366 (ERK) (VVP)
       Plaintiff                 :
                                                                 :
  - against -                                             :
                                                                 :
Andrew C. von ESCHENBACH, as Acting                              :
Commissioner of the Food and Drug                                :
Administration,                                                  :
                                                                 :
       Defendant                 :
-----------------------------------------------------------------X

**<u>ORDER</u>**

KORMAN, Chief Judge.

    The FDA argues that plaintiffs' unreasonable delay claim under § 706(1) of the APA must fail because there was no statutory deadline under which the FDA was compelled to act on the SNDA and the Citizen's Petition. Plaintiffs argue that under 21 U.S.C. § 355(c) the FDA was required to reach a final decision within 180 days of the application and the petition. The FDA argues that § 355(c) has been "effectively superced[ed]" by the Prescription Drug User Fee Act ("PDUFA"), Pub. L. No. 102-571 (reauthorized in 1997, Pub. L. No. 105-115, and in 2002, Pub. L. No. 107-188).

    PDUFA does not expressly repeal the mandatory language of § 355(c). The purpose of the Act was to set up a fee schedule to expedite the review of drug applications. In arguing for an implied repeal, the FDA points to the "Findings" section of the Act which references FDA letters setting out performance goals.

    The Supreme Court has made clear, however, that repeals by implication are not favored:

> It is a cardinal principle of construction that repeals by implication are not favored. When there are two acts upon the same subject, the rule is to give effect to both if possible. The intention of the legislature to repeal 'must be clear and manifest.' It is not sufficient as was said by Mr. Justice Story in Wood v. United States, 'to establish that subsequent laws cover some or even all of the cases provided for by (the prior act); for they may be merely affirmative, or cumulative, or auxiliary'. There must be 'a positive repugnancy between the provisions of the new law and those of the old; and even then the old law is repealed by implication only, pro tanto, to the extent of the repugnancy'.

U.S. v. Borden Co., 308 U.S. 188, 198-99 (1939) (internal citations removed); see also Frost v. Wenie, 157 U.S. 46, 58 (1895) ("In other words, it must not be supposed that the legislature intended by a later statute to repeal a prior one on the same subject, unless the last statute is so broad in its terms, and so clear and explicit in its words, as to show that it was intended to cover the whole subject, and therefore to displace the prior statute."); Branch v. Smith, 538 U.S. 254, 273 (2003) ("An implied repeal will only be found where provisions in two statutes are in 'irreconcilable conflict,' or where the latter Act covers the whole subject of the earlier one and "is clearly intended as a substitute.").

The FDA is ordered to address the issue of whether its argument can be rectified with the standard for implied repeals. The response should be filed by December 15, 2005.

SO ORDERED.

Brooklyn, New York
December 5, 2005

_S/_____
Edward R. Korman
United States District Judge

2