UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDOZ INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL O. LEAVITT, Secretary of Health and Human Services, and ANDREW C. VON ESCHENBACH, M.D., Acting Commissioner, Food and Drug Administration, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

Case No. 1:05CV01810 (RMU)

# *Plaintiff's Exhibit #10*

# *Accompanying*

### CONSOLIDATED OPPOSITION/REPLY PURSUANT TO JANUARY 31ST ORDER SANDOZ' CONSOLIDATED MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REPLY IN SUPPORT OF SANDOZ' MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS IN ITS COMPLAINT



Beth Brannan　　Sandoz Inc.
Director　　　　2555 W. Midway Blvd.
Regulatory Affairs　P.O. Box 446
　　　　　　　　　Broomfield, CO 80038-0446

Tel  +1 303 438-4237
Fax  +1 303 438-4600

Internet:
Beth.Brannan@gx.novartis.com

**ORIGINAL**

RECEIVED
DEC 0 2 2004
FDR/CDER

**UPS OVERNIGHT MAIL**

~~CONFIDENTIAL~~

David Orloff, M.D., Division Director
Food and Drug Administration
Center for Drug Evaluation and Research
Division of Metabolism and Endocrine Drug Products, HFD-510
Document Control Room 14B-19
5600 Fishers Lane
Rockville, Maryland  20857

December 1, 2004

N000 (C)

NEW CORRESP

Re:　NDA 21-426　　　(IND No. 58,980)
　　　BIOCHEMIE RECOMBINANT HUMAN GROWTH HORMONE
　　　(BC rhGH), SOMATROPIN, SOMATOTROPIN: OMNITROPE™
　　　Resubmission And Renewed Request For Approval Of 505(b)(2) NDA

Dear Dr. Orloff:

Reference is made to the Agency's letter dated August 31, 2004, regarding the new drug application ("NDA") submitted by Sandoz Inc. ("Sandoz"), U.S. Agent for Biochemie U.S., Inc., pursuant to Section 505(b)(2) of the Federal Food, Drug, and Cosmetic Act ("FD&C Act") for Omnitrope™, recombinant human growth hormone (BC rhGH; EP2000, somatropin/somatotropin). According to the Agency's letter, the Reviewing Division had "completed [its] review of [NDA 21-426] as submitted with draft labeling." The Division's letter did not cite any deficiencies that had been identified during review of this application. Nonetheless, the Agency's August 31st letter stated that the Reviewing Division was "unable at this time to reach a decision on the approvability of the application because of unresolved scientific and legal issues that relate to your NDA."

The Agency's August 31st letter proceeded to cite those "unresolved scientific and legal issues." None of the issues cited by the Agency involves any technical, scientific, or regulatory deficiency in the NDA itself. It also is significant that none of the issues cited in the Agency's August 31st letter relate to the statutory grounds under the FD&C Act that authorize the Agency to withhold approval of an NDA. See 21 U.S.C. § 355(d).

Instead, all of the "unresolved" issues involve broad scientific and legal considerations relating to so-called follow-on protein products (FOPPs). As specifically delineated in the Agency's August 31st letter, those issues involve:

(i)　various "legal and scientific challenges to the agency's ability to rely, even in part, on a prior finding of safety and effectiveness for one recombinant protein product in order to approve another such product", as set forth in petitions docketed in the April 14, 2004, Genentech Citizen Petition (Docket No. 2004P-0171), April 23, 2003, BIO Citizen Petition (Docket No. 2003P-0176), and May 13, 2004, Pfizer Citizen Petition (Docket No. 2004P-0231);

031416




Request for Approval
NDA 21-426
Page 2 of 2

(ii) the FDA public announcement on August 16th of its September 14th-15th public workshop "to discuss how a sponsor may demonstrate that its protein product is similar enough to a product that FDA has license under the [PHS] Act or approved under the [FD&C] Act that it may obtain licensure or approval without conducting certain studies that would otherwise be necessary;

(iii) the "subjects expected to be addressed in that workshop and by comments submitted to the docket closing on November 12, include manufacturing, characterization, immunogenicity, preclinical and clinical studies, and efficacy surrogates";

(iv) the Agency's intention "to co-sponsor a scientific workshop early in 2005 on these issues"; and

(v) based upon the Paragraph (III) Patent Certification then on file in the NDA for a listed patent (U.S. Patent No. 5,633,352) for the RLD, approval of the application was not being sought at that time "in any event until March 10, 2015, when the patent expires".

Based upon the developments with respect to each of these issues that have occurred following the Agency's issuance of its August 31st letter, we believe that each of these issues has been fully and adequately addressed in the manner anticipated in the Agency's August 31st letter. This conclusion is supported by the following:

(i) Despite the Agency's granting of ample time and opportunity for the petitioners who have presented the challenges in the petitions cited to support their contentions in a meaningful way beyond the arguments and evidence available to the Agency at the time it issued its August 31st letter, those petitioners have not done so. Indeed, in the case of two of the petitions (by Genentech and Pfizer), no new issues relevant to NDA 21-426 have been presented that were not already addressed in this application prior to August 31st, and the Agency has issued "interim responses" to both petitioners effectively locking the administrative Records in both proceedings. In the case of the BIO petition, the Agency had issued its Consolidated Response last October to that petition, BIO's opportunity to file a Petition For Reconsideration has lapsed, BIO has not sued the Agency, and no other person has presented any new information to that docket that is relevant to NDA 21-426. In sum, the records for the cited petitions raising the cited challenges have closed, and there is no new information in those records that raises any new issue with respect to NDA 21-426 that has not already been resolved in this application.

(ii) The Agency held the cited Public Workshop on September 14th-15th regarding scientific issues, at which testimony was presented on behalf of the Novartis Group of companies (among other participants). None of the testimony presented at the Public Workshop included any new scientific data or related information that raises any new issue with respect to NDA 21-426 that has not already been resolved in this application.

(iii) The Agency opened the public docket following the Public Workshop, and a few submissions were made to that docket by a few interested parties, including a submission on behalf of the Novartis Group of companies. None of the

031417



CONFIDENTIAL

Request for Approval
NDA 21-426
Page 3 of 3

submissions to that public docket include any new information that raises any new issue with respect to NDA 21-426 that has not already been resolved in this application.

(iv)   Based upon our participation (through our trade associations) on the FDA-Industry Planning Committee for the scientific workshop to be co-sponsored with DIA, it is apparent from the draft agenda for the workshop that there will not be any discussion of any new topic or information at the workshop that would in turn raise a new issue with respect to NDA 21-426 that has not already been resolved in this application. Moreover, because that workshop will be open to the public (for a fee), it is not anticipated that any participant will be in a position to present any new non-public information that is not already a matter of public record. Indeed, all matters of public record relevant to this application have already been addressed, and, as the Agency indicated in its August 31st letter, there are no outstanding scientific or technical issues that need to be resolved.

(v)   Immediately prior to the Agency's issuance of its August 31st letter, the listed patent (U.S. Patent No. 5,633,352) for the RLD cited by the Agency was declared invalid and unenforceable in two decisions dated August 3rd by the U.S. District for the District of Delaware, See Novo Nordisk Pharmaceuticals, Inc. v. Bio-Technology General Corp., Civ. No. 02-332-SLR, 2004 U.S. Dist. LEXIS 14960, and Bio-Technology General Corp. v. Novo-Nordisk A/S, Civ. No. 02-235-SLR, 2004 U.S. Dist. LEXIS 14959. (Those decisions are being appealed to the Court of Appeals for the Federal Circuit.) In view of the District Court's ruling, a Paragraph IV Patent Certification has been submitted to this application asserting that U.S. Patent No. 5,633,352 is invalid and unenforceable, and will not be infringed by the Sandoz product. Accordingly, the expiration of the patent in 2015 is no longer the date on which approval is sought. Instead, immediate tentative or final approval is sought pursuant to the Paragraph IV Patent Certification provisions of 21 U.S.C. § 355(b)(2) et seq. (as amended).

Based upon the foregoing and the Agency's August 31st letter, it is apparent that this application may be approved without submission of additional substantive data and must be approved in order to ensure compliance with the relevant statutory provisions. 21 § 355(d).

We look forward to working with the Division to facilitate a prompt positive final action in this regard on NDA 21-426. Please contact the undersigned if there are any questions regarding this submission.

Sincerely,

Sandoz Inc.

*Beth Brannon /jep*

Beth Brannon, Director
Drug Regulatory Affairs

/jep

031418