**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SANDOZ INC. )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, Secretary of )<br>Health and Human Services, and )<br>ANDREW C. VON ESCHENBACH, M.D., )<br>Acting Commissioner, Food and Drug )<br>Administration, )<br>)<br>       Defendants. )<br>_____) | Case No. 1:05CV01810 (RMU) |

**[PROPOSED] PROTECTIVE ORDER**

Upon consideration of the parties' Joint Rule 16.3(d) Report, and Plaintiff Sandoz Inc.'s Unopposed Motion For Entry Of The Parties' Proposed Protective Order, and in order to ensure the confidentiality of records produced in this case, it is hereby

**ORDERED** that Plaintiff's Unopposed Motion For Entry Of The Parties' Proposed Protective Order is hereby **GRANTED**; it is further

**ORDERED** that the records produced by the Federal Defendants shall be produced pursuant to the following provisions:

1.    "Private party" or "private parties" means any non-governmental entity.

2.    "Confidential Matter" means a private party's trade secrets, as defined at 21 C.F.R. § 20.61, 312.130, and 314.430, and any other confidential commercial information or confidential commercial information which, if disclosed to the public, would likely cause substantial harm to the competitive position of the party whose information is at issue.

3. "Federal Defendants' Confidential Matter" means any material generated by a Federal Defendant(s) that contains confidential information.

4. "Third-Party Confidential Matter" means the trade secrets, as defined at 21 C.F.R. § 20.61, 312.130, and 314.430, and any other confidential commercial information or confidential commercial information of a private party that is not a part to these proceedings and which, if disclosed to the public, would likely cause substantial harm to the competitive position of the party whose information is at issue.

5. The records produced by the Federal Defendants shall be produced in sequentially numbered pages.

6. Within ten (10) business days after receipt of records, any portions of which are designated as containing Confidential Matter, Federal Defendants' Confidential Matter, or Third-Party-Confidential Matter, the parties shall exchange any objections to the designations.

7. If objections are exchanged pursuant to paragraph 6, and the parties are unable to resolve the issues, the Court shall determine the appropriate designation of this information by motion of the objecting party. If the Court determines that the losing party was not substantially justified in its position, that party shall be required to pay costs and attorney's fees as ordered by the Court.

8. With respect to documents identified as containing Confidential Matter, Federal Defendants' Confidential Matter, or Third-Party-Confidential Matter, the parties shall stamp those documents "Confidential – Subject to Court Order" as appropriate. Such documents shall only be available under this Protective Order to those parties identified in Paragraph 11.

9. Documents determined not to contain Confidential Matter, Federal Defendants' Confidential Matter, or Third-Party-Confidential Matter, shall not be subject to the restrictions of this Protective Order.

10. Before disclosing any Federal Defendants' Confidential Matter, or Third-Party-Confidential Matter, that has been produced in these proceedings, to any outside expert, a private party must provide the other parties with the name and a current curriculum vitae of each such expert, including, but not limited to, the individual's employment and consulting history.  A party receiving the proposed designation of an outside expert shall have five (5) business days to make written objections to the designation.  If the parties cannot agree on whether a particular individual is appropriately designated under this paragraph, the party objecting to the designation may seek a determination by the Court.  No disclosure of Federal Defendants' Confidential Matter or of Third-Party-Confidential Matter to an outside expert shall take place before a ruling on a motion objecting to designation of an individual as an expert.  If the Court determines that the objecting party was not substantially justified in its position, that party shall be required to pay costs and attorney's fees as ordered by the Court.

11. Access to documents stamped "Confidential – Subject to Court Order" shall be limited to:

a) outside counsel of record for a private party, including its legal assistants and administrative staff, and duplicating services;

b) one (1) designated inside counsel for a private party;

c) outside experts for a private party designated pursuant to paragraph 10;

d) the Court, including court personnel.

12. Outside experts shall execute a certification agreeing to be bound by the terms of this Protective Order prior to the receipt of any document stamped "Confidential – Subject to Court Order," and execute a statement set forth at the end of a copy of this Order, as follows: "I have read and fully understand this Protective Order. I agree to comply with and be bound by the terms of this Protective Order. I agree not to disclose any documents marked "Confidential – Subject to Court Order" or the contents of those documents, to any person other than those specifically authorized by the Order. I hereby submit to the jurisdiction of the Court for the purpose of ensuring compliance with the Order. I further understand that the information contained in the documents is valuable and strictly confidential. I further appreciate that if I violate this Order I may be held in contempt of court, imprisoned or fined."

13. Individuals authorized to access documents stamped "Confidential – Subject to Court Order" shall use such information only for purposes directly related to this litigation and shall not disseminate or discuss the contents of such documents with any person not authorized under paragraph 11, except that nothing shall prevent representatives of a private party from unrestricted use of its own Confidential Matter.

14. The terms of this Protective Order shall not apply to any disclosure of those portions of the documents produced and containing Confidential Matter, Federal Defendants' Confidential Matter, or Third-Party-Confidential Matter by the FDA to its employees, agents, or attorneys pursuant to its regulations and policies and in the normal course of the Agency's business.

15. Except by agreement of the parties, whenever any Confidential Matter, Federal Defendants' Confidential Matter, or Third-Party-Confidential Matter is presented,

quoted, referred to, or otherwise disclosed in any exhibit, affidavit, declaration, pleading, brief, memorandum, or other document filed with the Court or otherwise exchanged among the parties, that portion of such document shall, if filed with the Court, be filed under seal unless otherwise agreed among the parties, and shall not be made available to persons other than those authorized by this Protective Order or any subsequent Order of this Court.

16. The parties shall comply with Local Rule 106(j) of the Court governing filing of sealed or confidential documents.

17. Failure to designate any information as Confidential Matter, Federal Defendants' Confidential Matter, or Third-Party-Confidential Matter shall not be construed to be a waiver of confidentiality or an admission concerning the legal or commercial value of the information for purposes outside of this litigation. Failure to designate information as Confidential Matter, Federal Defendants' Confidential Matter, or Third-Party-Confidential Matter shall not preclude a subsequent designation as Confidential Matter, Federal Defendants' Confidential Matter, or Third-Party-Confidential Matter. Failure to challenge a designation of Confidential Matter, Federal Defendants' Confidential Matter, or Third-Party-Confidential Matter when made shall not preclude a subsequent challenge.

18. The inadvertent or unintentional disclosure of any document marked or "Confidential – Subject to Court Order" shall not be construed to be a waiver of that document's confidential status.

17. The restrictions set forth in this Protective Order shall not apply to a private party's use or retention of any material marked "Confidential – Subject to Court Order" that:

(a) Was, is, or becomes public knowledge in a manner other than by violation of this Order;

(b) At the time of disclosure to a private party pursuant to this Order, was already possessed lawfully by such private party; or

(c) Thereafter is lawfully obtained by a private party other than through review of any part of the disclosed documents under this Order.

20. At the conclusion of this litigation, all documents marked "Confidential – Subject to Court Order" produced by the Federal Defendants pursuant to this Protective Order, except copies filed under seal with the Court, shall be returned to FDA or promptly destroyed by counsel for Sandoz. Counsel for each party shall give written notice to all other parties within 30 days of the conclusion of this litigation that discloses the specific manner of disposition of all copies of documents marked "Confidential – Subject to Court Order" and obtained pursuant to this Order.

21. This Protective Order can be modified only upon agreement of the parties or by further order of the Court upon a motion duly filed and served by any of the parties.

22. This Protective Order shall survive the final conclusion of this litigation and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Protective Order.

23. Any breach of this Protective Order by any party, any person acting on behalf of such party, or any other person subject to this Order shall be subject to appropriate sanctions against the party or person who breached the Order as well as against the party providing the information to the person who breached the Order.

**SO ORDERED**.

_____, 2006

_____
RICARDO M. URBINA
United States District Judge