UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDOZ INC.                                      ) | |
| Plaintiff,           ) | |
| v.                                            ) | |
| MICHAEL O. LEAVITT, Secretary of    ) Health and Human Services, and         ) ANDREW C. VON ESCHENBACH, M.D., ) Acting Commissioner, Food and Drug    ) Administration,                            ) | Case No. 1:05CV01810 (RMU) |
| Defendants.   ) | |

**MEMORANDUM OF SANDOZ INC. REGARDING
THE STATUS OF *TUMMINO* AND ITS APPLICABILITY TO THIS CASE**

In accordance with this Court's Order of February 21, 2006, directing Plaintiff Sandoz Inc. ("Sandoz") "to brief the court as to status of Tummino v. FDA, 05-cv-366 (EDNY 2005) and its applicability to this case or file motion to transfer, if appropriate," Sandoz hereby respectfully submits this memorandum.

Tummino is noteworthy because, as with the instant case, it involves rarely-litigated allegations involving unreasonable delay and failure-to-act on the part of the Food and Drug Administration ("FDA"). Tummino has been actively litigated before Chief Judge Korman of the Eastern District of New York over the past 13 months, and also involves Administrative Procedure Act ("APA") Section 706(1) claims comparable to those Sandoz is prosecuting here.

As briefly set forth below, although Tummino is distinct from this case in many respects, there is one overarching similarity and one key distinction between that case and this one that Sandoz believes warrant this Court's attention. The principal similarity is that both cases

implicate Section 706(1) claims that Federal Defendant von Eschenbach has unreasonably delayed action and failed to take a statutorily-compliant action on a new drug application ("NDA") within the Congressionally-mandated statutory deadline for final NDA action. The key distinction is that, whereas FDA has voluntarily granted non-applicant third-party plaintiffs access to a much broader Administrative Record containing over 100,000 pages of pre-decisional FDA records on the NDA at issue in Tummino, the Federal Defendants have adamantly refused to produce a comparable Administrative Record to Sandoz in this case, much less to supplement that record with additional internal FDA documents relevant to and probative of the Agency's delay and failure to act.

## I. THE STATUS OF THE TUMMINO PROCEEDINGS BEFORE CHIEF JUDGE KORMAN

A detailed history of the Tummino proceedings and overview of their current status was issued by that Court in the February 24, 2006, memorandum opinion by Magistrate Judge Pohorelsky denying FDA's protective order motion in Tummino and mandating discovery against the Agency in that case. See Tummino, Decision & Order Denying Def.'s Mot. for a Prot. Order and Requiring Discovery (D.I. No. 104, Feb. 24, 2006), at 2-27 (attached hereto as Pl.'s Ex. 1).

The Tummino proceedings were initiated in January 2005 not by the NDA holder, but rather by a group of individuals and organizations presenting, *inter alia*, APA claims against the Acting Commissioner of FDA in connection with the Defendant's failure to act in approving a pending NDA. The present claims before Chief Judge Korman in the Eastern District of New York are based upon Plaintiffs' Third Amended Complaint, filed on January 31, 2006. Tummino, D.I. 96. Following production of a voluminous Administrative Record, FDA filed a dispositive motion for judgment on the pleadings. Chief Judge Korman held oral argument on

FDA's motion on December 22, 2005, and denied FDA's motion in every respect relevant to the Plaintiffs' unreasonable delay claim at the end of that day's almost two-hour hearing. Tummino, Tr. Of Civil Cause For Mot. Hrg. (Dec. 22, 2005) at 86, 98 (attached hereto as Pl.'s Ex. 2).[1] The Court reserved decision as to the remainder of the Plaintiffs' claims, primarily because of questions concerning the Plaintiffs' standing to assert them. See id. In his ruling, Judge Korman also lifted a stay and expressly authorized discovery as to the unreasonable delay claim. See id. at 64, 84, 86.

The Defendants' subsequently filed a motion for partial reconsideration of the decision lifting the stay of discovery, which Chief Judge Korman summarily denied without even awaiting the Plaintiffs' opposition. Tummino, Order (D.I. 84, Jan. 17, 2006) (attached hereto as Pl.'s Ex. 3). In that ruling, Judge Korman indicated (presumably based upon the 100,000-page Administrative Record already produced) that he was prepared to issue a Section 706(1) unreasonable delay summary judgment ruling without discovery:

> Assuming some special showing was necessary to obtain discovery, as the United States Attorney also argues, the record suggests more than ample basis for concluding for present purposes that the delay in ruling on the Citizen Petition is unreasonable. Plaintiffs apparently seek discovery in order to further strengthen their claim before seeking summary judgment. They are entitled to do so, although I would be prepared to rule on a motion for summary judgment on the unreasonable delay claim without such discovery.

---

[1] In its Consolidated Summary Judgment Opposition And Reply Memorandum (D.I. 27), Sandoz stated in footnote one on page 1 of its brief: "The portions of that [Tummino] transcript cited in the instant Consolidated Opposition/Reply Memorandum are attached (Pl.'s Ex. 1)." In light of this statement, Sandoz does not understand the Federal Defendants' subsequent statement, "Sandoz relies on scattered pages of a transcript from a hearing in *Tummino* (attached to Sandoz's Opposition as Plaintiff's Exhibit 1), none of which contain a ruling by the court…." Reply Mem. Of Pts. & Auths. In Supp. Of Defs.' Cross Mot. For S.J. (D.I. 29) at 7. As previously indicated by Sandoz, the entire transcript of those proceedings is attached hereto for this Court's reference and use (Pl.'s Ex. 2).

Id. at 2.[2]  With the scope of FDA's protective order motion in Tummino having been narrowed as a result, the Magistrate Judge received briefing and heard argument on the extent of discovery to be allowed beyond the existing Administrative Record in that case. As indicated above, the Magistrate Judge ruled on February 24, 2006, and allowed broad discovery to proceed.  Thus, to Sandoz' knowledge, as of March 7, 2006, the current status of Tummino is that the case is in the discovery phase.

## II.  THE APPLICABILITY OF TUMMINO TO THIS CASE

As reflected in the exhibits accompanying this memorandum, there are many distinctions between Tummino and the instant proceedings.  Nonetheless, in two critical respects, Tummino merits this Court's consideration in resolving the claims presented in Sandoz' Complaint because of (1) the parallels in the underlying claims and the persuasive authority of the Court's rulings to date on such claims and (2) FDA's disparate production of the respective Administrative Records in the two cases.[3]

---

[2]     Similarly, Sandoz has indicated in its summary judgment pleadings before this Court that, this Court could proceed to rule on the parties' cross-motions for summary judgment based upon what FDA considers the Administrative Record.  However, without the supplementation of that record to be at least coterminous in scope with that produced in Tummino, Sandoz has further reasoned that the Court can only rule in Sandoz' favor, inasmuch as the factual basis for the Government's "rule of reason" theory cannot be found in the current record and could only be resolved in the Defendants' favor, if at all, following supplementation and, if appropriate, discovery.  Pursuant to the parties' teleconference with Chambers on March 1, 2006 and this Court's Standing Order in this case, Sandoz concurrently has refiled its Motion to Compel seeking expedited supplementation of the Administrative Record.

[3]     Given the parallels between Tummino and the instant action in terms of FDA's failure to act and unreasonable delay, the scope of the Administrative Records' content should be at least similar in terms of producing allegedly "pre-decisional" Agency records such as FDA Reviews and Memoranda and addenda thereto, internal Agency Meeting Minutes, internal Agency Teleconference minutes, Agency correspondence with the sponsor and with third parties, internal Agency email, and briefing documents for the FDA Commissioner and other FDA and HHS officials.

A.      Parallels In The Underlying Claims In *Tummino* And *Sandoz*

In the Plaintiffs' Third Amended Complaint in Tummino and in Sandoz' original Complaint in this action, the parties are pursuing similar 706(1) unreasonable delay claims under the APA.  5 U.S.C. § 706(1).  In both cases, those 706(1) claims revolve around the Defendants' failure to take a statutorily-compliant final action (approval or non-approval) on a pending NDA in accordance with the statutorily-mandated deadline.  Cf. Tummino, Decision & Order, D.I. 104 at 2-3 (Pl.'s Ex. 1) with Sandoz Complaint at ¶¶ 190-195.  The graviman of both Complaints is that the Defendants deviated from the standard NDA review process, thereby failing to comply with an unambiguous statutory deadline, and are indefinitely deferring action on the basis of unprecedented "non-action" letters issued to both NDA sponsors that failed to present statutorily-cognizable grounds either setting forth an approval decision or justifying a non-approval decision and specifying the grounds therefore.  Id.

In Tummino, however, the Plaintiffs are seeking to have the Court mandate specifically one of the two statutorily-cognizable actions that FDA can take on the NDA at issue there: approval.  Tummino, Decision & Order, D.I. 104 at 1, 3 (Pl.'s Ex. 1).  In contrast, Sandoz is merely seeking an Order directing the Defendants to take *an* action – be it approval or disapproval – so long as that action is statutorily-cognizable under the Federal Food, Drug, and Cosmetic Act ("FD&C Act").  21 U.S.C. §§ 355(c)(1), (d).  See Sandoz Complaint at ¶¶ 165-183. In defending against both actions, the Federal Defendants have raised similar defenses with respect to the alleged absence of a statutory deadline, the purported repeal of the statutory deadline, and the asserted "reasonableness" of the delay in taking final action on the NDAs at issue.

The preliminary rulings to date by Chief Judge Korman and Magistrate Judge Pohorelsky, of course, are not binding on this Court. Several of the rulings in Tummino are unpublished, non-precedential rulings even in the Eastern District. Even those rulings of the individual Judges in Tummino that ultimately become published precedent in the Eastern District, or on appeal in the Second Circuit, may not necessarily be binding in this Circuit generally or on this Court in particular.

Nonetheless, while not necessarily controlling or binding, the statutory analyses employed by Chief Judge Korman and Magistrate Judge Pohorelsky are in Sandoz' view both highly instructive and persuasive authority given their reliance upon binding precedent from this Circuit and their reasoned application of the APA and the FD&C Act. Thus, for example, in crystallizing the unreasonable delay claims at the heart of Tummino and the instant case, Magistrate Judge Pohoreslky aptly captured this Circuit's application of its own rulings in the context of such claims:

> Of particular significance, given the issues in this case, is the observation made by the District of Columbia Circuit when examining an earlier claim of unreasonable delay by the FDA in a matter concerning over-the-counter drugs:
>
>> The agency must justify its delay to the court's satisfaction. If the court determines that the agency delays in bad faith, it should conclude that the delay is unreasonable.
>
> *Cutler v. Hayes*, 818 F.2d 879, 898 (D.C. Cir. 1987).

Tummino, Decision & Order, D.I. 104 at 30 (Pl.'s Ex. 1). Similarly, the Tummino Court's experience with the FDA defenses under the FD&C Act has had to grapple with the most arcane and yet fundamental FD&C Act provision at issue there, which also is at issue in the case before this Court:

> Moreover, the actions of the FDA in dealing with the SNDA and the amended SNDA, strongly suggest that the delay is a calculated "filibuster" designed to

> avoid making a decision subject to judicial review. Thus, instead of making a decision within the 180- day statutory period after the filing of the SNDA in April 2003, *see* 21 U.S.C. § 355(c)(1), the agency did not issue its not-approvable letter until over a year later in May 2004. When Barr, apparently prompted by the FDA, modified its SNDA to meet the FDA's concerns, the FDA again failed to act on it within the 180-day statutory period, on the basis that it needed more time to review matters. In the ensuing seven months after the expiration of the 180-day statutory period, however, the administrative record reveals that the FDA did little if anything to advance toward decision. Rather, without any warning, and after apparently assuring the Secretary of Health and Human Resources and its own counsel in this case that a decision would be made soon, the FDA announced that it wished to consider whether a rulemaking proceeding was necessary to explore the feasibility of permitting partial OTC access to Plan B based on age, a course that will inevitably forestall decision for months if not years.

Tummino, Decision & Order, D.I. 104 at 31 (citation omitted) (Pl.'s Ex. 1).  Accordingly, recognizing the preliminary nature of these rulings by individual Judges in ongoing proceedings in another Circuit, Sandoz believes the Court's analysis of the statutory provisions and prudential principles at issue in Tummino bears careful consideration by this Court in evaluating both the ultimate merits of the parties' claims and in resolving the parties' remaining preliminary dispute with respect to the scope of the Administrative Record.

B.   Disparity In FDA's Production Of The Administrative Record In *Tummino* And *Sandoz*

In addition to the overlapping failure-to-act and unreasonable-delay claims involving the same Federal Agency, it is on this last point involving the scope of the Administrative Record that Tummino diverges most from the instant case.  Given that the Administrative Record is completely in control of the Federal Defendants, this is a notable inconsistency, and both administrative regularity and due process instead should result in a direct parallel between the two cases.  In Sandoz' view, at least the same quantum of NDA-review-related documentation that has been produced in Tummino to a

third party non-applicant should be available for production in this case to the actual NDA applicant, Sandoz.

As indicated at the outset, FDA in Tummino voluntarily turned over to a third-party the very same class of purportedly "predecisional" and allegedly privileged internal agency e-mails, memoranda, reviews, and briefing documents that are equally salient and probative here (but which FDA thus far has excluded from the Administrative Record in this case).[4]  According to the Defendants in Tummino, "The agency has provided the plaintiffs with over one hundred thousand pages of documents it has considered in connection with" the NDA at issue there.  Tummino, Mem. Of Law In Supp. Of Def.'s Mot. For Partial Recon. Of And Relief From The Court's Dec. 22, 2005, Order (D.I. 82, Jan. 9, 2006) at 18.

The production of the Administrative Record in Tummino and of the NDA-review-related materials it contains is necessary for the parties to litigate and the Court to evaluate "the legitimacy" or unreasonableness of "the reasons offered for the delay" given the "prospect that the agency's senior decisionmakers were resting on improper concerns" (e.g., because, *inter alia*, "a plausible interpretation of the e-mail correspondence by the author of the not-approvable letter just before and after he issued the letter in May 2004 is that senior management of the FDA had long since decided not to approve the application but needed to find acceptable rationales for the decision.") Tummino, Decision & Order, D.I. 104 at 30, 33 (citation omitted) (Pl.'s Ex. 1)

---

[4] Sandoz has previously provided this Court with a representative sample of these Administrative Record materials produced in Tummino.  See Sandoz' Unopposed Status Conf. Mot. (D.I. 15, Jan. 3, 2006) at 4-5 & Ex. 2.  Sandoz can provide this Court with a complete set of those materials filed in the docket of the Tummino proceedings if they would assist this Court.

Similarly, Sandoz believes that in *this* Section 706(1) unreasonable-delay and failure-to-act case, Sandoz is entitled to those documents and other discovery necessary to determine whether or not FDA has engaged in any legitimate effort to resolve any allegedly outstanding scientific or technical issues during the past almost-two years during which the Federal Defendants have failed to act on Sandoz' NDA.  Just as in Tummino, comparable production here of the supplemented Administrative Record, Sandoz maintains, will provide Sandoz and the Court with the minimal quantum of critical evidence needed to resolve this matter.  Sandoz views the Tummino Court's consideration of the Administrative Record issues in that case to be particularly relevant to this Court's consideration of those same issues in the instant case.

## CONCLUSION

Sandoz appreciates this Court's openness to receive this briefing on the status and applicability of Tummino to this case.  Sandoz stands ready to provide any further information or answer any additional question(s) this Court might direct it to address in connection based upon either this memorandum or the Defendants' response thereto.

Date:   March 7, 2006                                  Respectfully submitted,


                                                         /s/
                                                         JOHN M. ENGEL (DCBN 443628)
                                                         Engel & Novitt, LLP
                                                         Market Square
                                                         Suite 620
                                                         801 Pennsylvania Avenue, N.W.
                                                         Washington, DC  20004
                                                         Telephone: (202) 207-3303
                                                         Fax: (202) 207-3318
                                                         E-Mail: jengel@engelnovitt.com
                                                         Attorneys for Plaintiff Sandoz Inc.