UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SANDOZ INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL O. LEAVITT, Secretary of | ) | Case No. 1:05CV01810 (RMU) |
| Health and Human Services, and | ) | |
| ANDREW C. VON ESCHENBACH, M.D., | ) | |
| Acting Commissioner, Food and Drug | ) | |
| Administration, | ) | |
| | ) | |
| Defendants. | ) | |

# *Plaintiff's Exhibit #3*

# *Accompanying*

## MEMORANDUM OF SANDOZ INC. REGARDING THE STATUS OF *TUMMINO* AND ITS APPLICABILITY TO THIS CASE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                    NOT FOR PUBLICATION
-----------------------------------------------------------------X
                                                              :
Annie TUMMINO, *et al.*,                                      :
                                                              :    CV-05-366 (ERK) (VVP)
            Plaintiff                                         :
                                                              :
      - against -                                             :
                                                              :
Andrew C. von ESCHENBACH, as Acting                           :
Commissioner of the Food and Drug                             :
Administration,                                               :
                                                              :
            Defendant                                         :
-----------------------------------------------------------------X

**ORDER**

KORMAN, Chief Judge.

In a motion for partial reconsideration of my order of December 22, 2005 lifting the stay of discovery, the United States Attorney argues that the general rule limiting discovery to the agency record applies with "equal force" in cases challenging administrative delay under APA § 706(1). However, none of the cases the United States Attorney cites in her memorandum hold that parties are bound by the administrative record in § 706(1) challenges. Memo of Law, Jan. 9, 2006, at 8-9. Each case upheld the admission of documents that were not initially part of the agency's record, and each held that the general rule limiting judicial review to "a set administrative record" was inapplicable to § 706(1) claims as "there is often no official statement of the agency's justification for its actions or inactions" in the record. San Francisco BayKeeper v. Whitman, 297 F.3d 877, 886 (9th Cir. 2002).

Defendant seems to argue that the cases support "supplementing" the record but bar "extra-record discovery." No such distinction exists in the cases cited. In both Whitman, and Independence Min. Co.,

Inc. v. Babbitt, 105 F.3d 502, 511 (9th Cir. 1997), the Ninth Circuit upheld the admissibility of supplemental evidence supporting the agency's position, though such evidence was not in the initial agency record, without discussing whether such supplemental evidence could be obtained through discovery. Moreover, in Friends of the Clearwater v. Dombeck, a case that reached a similar result, the Ninth Circuit described the studies that supported the agency's conclusions as "extra-record evidence" and nonetheless allowed for their admission. 222 F.3d 552, 560 (9th Cir. 2000); see Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) (stating that challenges to agency inaction constitute an exception such that the court may consider extra-record evidence) (citing Stark & Wald, Setting No Records: The Failed Attempts to Limit the Record in Review of Administrative Action, 36 Admin. L. Rev. 333, 345 (1984)). Logically, if the court can consider extra-record evidence in evaluating the agency's inaction, there is no reason to preclude plaintiffs from obtaining such evidence through discovery.

Assuming some special showing was necessary to obtain discovery, as the United States Attorney also argues, the record suggests more than ample basis for concluding for present purposes that the delay in ruling on the Citizen Petition is unreasonable. Plaintiffs apparently seek discovery in order to further strengthen their claim before seeking summary judgment. They are entitled to do so, although I would be prepared to rule on a motion for summary judgement on the unreasonable delay claim without such discovery.

Defendant's motion for partial reconsideration is denied.

SO ORDERED.

Brooklyn, New York
January 17, 2006

__/s/_____
Edward R. Korman
United States District Judge

2